June Heyward STEPHENS, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 7931.

United States Court of Appeals
Tenth Circuit.

Jan. 26, 1965.

Ronald F. Daitz, Denver, Colo., for appellant.

Jack R. Parr, Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.

PER CURIAM.

This case was properly treated in the court below as a motion to vacate and set aside appellant's sentence pursuant to 28 U.S.C.A. § 2255. In denying the motion without a hearing, the lower court found that it was based upon the same grounds as a prior motion which had been decided adversely to Stephens; that the prior determination was on the merits after a full and fair hearing; and that the ends of justice would not be served by reaching the merits of the motion a second time.

■ The rule is that a second or successive motion under § 2255, like a petition for writ of habeas corpus,[1] need not be entertained unless it raises questions not previously presented and determined and it may be dismissed without a hearing if it fails to raise substantial factual or legal questions. As the Supreme Court has said: "Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application."[2] The record in this case shows that with one exception the allegations or grounds of the instant motion are the same as those of the prior motion and the same issues are raised in both motions. The prior determination of those grounds was on the merits after an evidentiary hearing was held and it is difficult to see how the ends of justice would be served by a second hearing. There has been no intervening change in the law and certainly there is no showing that the prior hearing was not full and fair. In short, appellant has not met the required burden of showing that the ends of justice would be served by a re-determination of the grounds asserted.[3]

■ The exception referred to above is the assertion by Stephens that Rule 5, F.R.Crim.P., 18 U.S.C.A., was not complied with upon his arrest in Arizona. But, even if we assume for purposes of this appeal that the allegation is true, it is of no help to appellant. This court has held that a preliminary examination in accordance with Rule 5 is not a condition precedent to prosecution by information and the failure to have such an examination is not a ground for collateral attack by a § 2255 motion.[4] We must therefore conclude that the trial court did not err in denying the motion without a hearing.

Affirmed.

1. Walker v. Taylor, 10 Cir., 338 F.2d 945.

2. Sanders v. United States, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148.

3. Sanders v. United States, supra, 373 U.S. at 16–19, 83 S.Ct. at 1077–1079.

4. Roddy v. United States, 10 Cir., 296 F. 2d 9.