No. 44,233

Jerold M. Adair, *Appellant*, v. The State of Kansas, *Appellee.*

(422 P. 2d 959)

Opinion filed January 21, 1967.

*Russell Shultz*, of Wichita, argued the cause, and *Larry Kirby* and *Edmond L. Kinch*, of Wichita, were with him on the briefs for the appellant.

*Donald Foster*, Deputy County Attorney, of Wichita, argued the cause, and *Robert C. Londerholm*, Attorney General, of Topeka, and *Keith Sanborn*, County Attorney, of Wichita, were with him on the briefs for appellee.

The opinion of the court was delivered by

Fatzer, J.: This is an appeal from an order of the district court denying the appellant's motion, filed pursuant to K. S. A. 60-1507, to vacate and set aside the sentence imposed under the Kansas

Habitual Criminal Act (K. S. A. 21-107a) following his conviction by a jury of the crime of possessing a pistol after conviction of a felony as defined in K. S. A. 21-2611.

The appellant is hereafter referred to as petitioner.

In his *pro se* motion (Rule No. 121 of the Supreme Court, Procedure Under Section 60-1507, effective January 1, 1967) to set aside the judgment and sentence of the district court, the petitioner makes only one allegation for relief:

"I was not notified orally or in writing that G. S. 21-107a would be used to enhance the penalty of the charge I was charged with."

The record does not indicate when the petitioner's motion was filed, but on December 10, 1964, the district court, without appointing counsel to represent the petitioner, found that the records of the case showed that prior to trial and prior to the selection of a jury, the petitioner and his retained counsel were notified of the state's intention to invoke the Habitual Criminal Act, and that the movant was not entitled to the relief sought.

A review of the record clearly establishes that on September 25, 1962, and prior to the selection of a jury and the trial of the petitioner's case, and in his presence and the presence of his retained counsel, the state orally stated as follows:

"In the case of State of Kansas vs. Jerold M. Adair, B15476, the State wishes to announce in the presence of the defendant and his attorney that in the event of conviction the State intends to invoke the Habitual Criminal Act."

In view of the allegation in petitioner's motion for relief and the record in the case, it is clear the district court did not err in denying the petitioner the relief sought, and its judgment must be affirmed.

There remains a point which should be mentioned. In the record on appeal, and in the briefs and oral argument of counsel for the state and counsel appointed to represent the petitioner on appeal, each urged a point pertaining to the validity of the sentence imposed upon the petitioner, which was not presented to the district court when it passed upon the petitioner's motion. For that reason this court refrains from expressing its views thereon. However, in the event the petitioner files a second motion alleging the invalidity of the sentence imposed upon the grounds briefed and argued in this appeal, the district court should hear and consider the same since the grounds relied upon would not be the same ground previously presented and determined adversely to the peti-

tioner, nor has he had a prior determination of such grounds on the merits. Such a motion would not be in violation of K. S. A. 60-1507 (*c*) or Rule No. 121 (*d*) of the Supreme Court, Procedure Under Section 60-1507, effective January 1, 1967.

The judgment is affirmed.