No. 44,918

Earl Ray Thomas, *Appellant*, v. State of Kansas, *Appellee*.

(430 P. 2d 268)

Opinion filed July 12, 1967.

*Lewis C. Carter,* of Holton, argued the cause, and *E. V. Bruce,* also of Holton, was with him on the brief for the appellant.

*Richard H. Seaton,* Assistant Attorney General, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

Schroeder, J.: This is an appeal from an order of the district court of Jackson County, Kansas, denying a motion to vacate under K. S. A. 60-1507 on the ground that it was a second and successive motion for similar relief on behalf of the same prisoner.

The basic question presented is whether the ends of justice would be served by reaching the merits of the petitioner's subsequent application for relief.

The facts giving rise to this proceeding stem from two separate felony convictions.

On the 24th day of September, 1959, an information was filed against the petitioner charging him with armed robbery under the provisions of K. S. A. 21-527. The case was filed in the district court of Jackson County, Kansas, and given Case No. 1627.

While the armed robbery charge was pending the petitioner escaped custody on or about the 6th day of December, 1959. He was apprehended shortly thereafter, and on the 12th day of January, 1960, an information was filed in the district court of Jackson County, Kansas, charging him with the escape from custody before conviction of a felony under the provisions of K. S. A. 21-736. This case was assigned No. 1631.

On the 18th day of January, 1960, Case No. 1631 (jailbreak) came on for hearing, and an attorney was appointed to represent the petitioner. After two recesses, during one of which the petitioner's sanity was determined, the petitioner, through counsel, stated that he desired to waive formal arraignment and enter a plea of guilty to the crime of breaking custody and escaping jail in violation of 21-736, *supra*. The petitioner was thereupon found guilty upon his plea and sentenced under the habitual criminal act (K. S. A. 21-107a) to a term of not less than fifteen years at hard labor in the Kansas State Penitentiary at Lansing, Kansas. The two prior convictions asserted were (1) automobile theft, circuit court of Barry County, Missouri, on November 10, 1941; and (2) forgery, district court of Grant County, Kansas, on October 27, 1949.

Nothing further was said about the armed robbery charge (No. 1627) and the petitioner was taken to Lansing, Kansas, to begin his term on the jailbreak sentence.

On April 11, 1961, after three terms of court in Jackson County had passed, a detainer was filed against the petitioner at the penitentiary informing him that the detainer related to the charge of armed robbery in Jackson County, Kansas.

On the 27th day of October, 1961, during the October term of the Jackson County district court the petitioner stood trial and was found guilty of armed robbery as charged. His subsequent motion for a new trial was denied and the petitioner was sentenced to a term of twenty to forty-two years at hard labor, no statement being made by the court as to whether the sentence should run consecutively or concurrently with the jailbreak sentence. The foregoing sentence was invoked pursuant to the habitual criminal act on the request of the county attorney that the penalty be doubled due to the conviction in Case No. 1631 on the jailbreak charge.

On the 8th day of November, 1961, the district judge appointed Edward S. Dunn and Donald G. Sands, attorneys, to represent the petitioner "in cases now appealed, or to be appealed to the Supreme Court of the State of Kansas from judgments of this court."

On the 17th day of July, 1964, the petitioner's first motion to vacate the judgment and sentence was filed pursuant to K. S. A. 60-1507.

On the 22nd day of July, 1964, Marlin White, an attorney, was appointed to represent the petitioner on his motion to vacate.

On the 2nd day of September, 1964, Mr. Dunn, having been appointed to the office of county attorney, withdrew from the case, and Richard H. Seaton, assistant attorney general, appeared for the state. At this hearing the district judge found "that an appeal by the petitioner was not perfected by his court-appointed counsel," and thereupon appointed Marlin A. White to represent the petitioner on his appeal to the Supreme Court of Kansas from his conviction of first degree robbery. It further retained jurisdiction pending the outcome of the appeal on the robbery conviction.

On the 7th day of July, 1965, a hearing was had on the petitioner's motion to vacate, and the court informed the petitioner that under the provisions of Rule No. 121 (*c*) (3) of the Supreme Court of Kansas (194 Kan. xxvii) a motion to vacate, set aside or correct a sentence could not be maintained while an appeal from a conviction and sentence is pending.

The significance of the petitioner's first motion to vacate under 60-1507, *supra,* is reflected in the findings of fact and conclusions of law made by the trial court. They read:

### "Findings of Fact

"1. The above-entitled matter is called for trial before this court, on July 7, 1965; the petitioner appearing in person and with his court-appointed counsel, Marlin A. White; the respondent appearing by counsel, Richard H. Seaton, Assistant Attorney General of Kansas.

"2. The petitioner and his counsel are informed by the court that the records of the court disclose that a Motion for Enlargement of Time in which to Appeal, presented to the court on May 5, 1965, had been sustained by the court and in Case No. 1627, the judgment in said case being one of the judgments and sentences attacked by petitioner in his petition filed herein. Petitioner and his counsel are informed by the court that petitioner is not entitled to a hearing on a petition under K. S. A. 60-1507 while an appeal is pending of a sentence under attack. Whereupon, petitioner and his counsel state, in open court, that petitioner desires to and does abandon any attempt to appeal his conviction in Case No. 1627 or any other previous rulings of this court, and thereupon, the hearing is proceeded with on the petition filed herein.

"3. On inquiry by the court, petitioner and his counsel state that petitioner has had ample opportunity to prepare for said hearing and is ready to proceed.

"4. In this proceeding the petitioner attacks convictions and sentences of January 18, 1960, in Case No. 1631, and of October 30, 1961, in Case No. 1627, before this court on the following grounds:

"(a) He was not given prior notice of the State's intent to invoke the habitual criminal act in Case No. 1631.

"(b) The conviction in Barry County, Missouri, used to enhance the penalty in Case No. 1631, is void because he was not represented by counsel at the time of his guilty plea and sentencing.

"(c) He was denied the constitutional right to a speedy trial in Case No. 1627.

"(d) He was denied the constitutional right to counsel on appeal from his conviction in Case No. 1627.

"(e) The prior conviction in Case No. 1631 could not be used to enhance the penalty in Case No. 1627, because it did not precede the commission of the offense charged in Case No. 1627.

"5. After hearing the evidence, examining the records and transcript of proceedings, the court finds that on January 18, 1960 the petitioner entered a plea of guilty in Case No. 1631 to an Information charging him with breaking custody and escaping jail in violation of K. S. A. 21-736. Evidence was then introduced and admitted showing that petitioner had previously been convicted of automobile theft in the Circuit Court of Barry County, Missouri on November 1, 1941 and that petitioner had also previously been convicted of forgery in the District Court of Grant County, Kansas on October 27, 1949, both convictions being that of a felony. Thereupon, the petitioner was asked to stand before the bench by the court and the petitioner was asked by the court if he admitted a conviction of a felony in Barry County, Missouri on November 1, 1941. The petitioner answered in the affirmative. The court then asked if petitioner admitted conviction of a felony in the District Court of Grant County, Kansas on October 27, 1959. Petitioner again replied in the affirmative. The court then proceeded with the allocution and inquired if there were any further legal reasons why the court should not pronounce sentence and judgment at this time, and in answer, defendant's counsel, Mr. Donald Sands of Holton, replied, 'We have none, Your Honor.' Thereupon, the court sentenced petitioner to a term of not less than 15 years in the Kansas State Penitentiary as provided by K. S. A. 21-107.

"6. On October 30, 1961 the petitioner was convicted by a jury, in Case No. 1627, in this court, on an Information charging him with first degree robbery, in violation of K. S. A. 21-527. Thereafter, on November 8, 1961, the court, after receiving evidence of the conviction in Case No. 1631, and after proceeding with the allocution, the petitioner was sentenced to a term of not less than 20 nor more than 42 years in the Kansas State Penitentiary as provided by K. S. A. 21-107.

"7. The above-mentioned sentences have not been commuted by the action of the Governor of Kansas.

"8. At the time that sentence was pronounced, in Case No. 1631, on Jan-

uary 18, 1960, the petitioner's court-appointed attorney, Mr. Donald G. Sands, stated that he had been advised by the County Attorney that the habitual criminal act would be invoked by the State, and further, that he had gone over the evidence of such prior convictions with the defendant and that he and the defendant were familiar with that evidence.

"9. Evidence of the said prior convictions, in Barry County, Missouri and in Grant County, Kansas, was received by the court at the time of sentencing in Case No. 1631 without any objection by petitioner's counsel.

"10. The journal entry of the Barry County, Missouri conviction of November 1, 1941, which was introduced in Case No. 1631, shows that the petitioner was present in person and entered a plea of guilty. It does not state that petitioner was represented by counsel and it is silent as to whether or not he waived the appointment of counsel. The petitioner has offered no evidence in this proceeding tending to show that petitioner did not waive appointment of counsel in the Missouri case.

"11. The sentence imposed in Case No. 1631, of not less than 15 years, on January 18, 1960, has not yet expired.

"Conclusions of Law

"1. In this proceeding the petitioner has the burden of establishing his grounds for relief by a preponderance of evidence.

"2. Petitioner has failed to establish that he was not given timely and sufficient notice of the State's intent to invoke the habitual criminal act in Case No. 1631. The record further discloses that even if petitioner had sustained the burden of proof on this issue, that any objection on such grounds had been waived by petitioner because of his or his counsel's failure to object on the grounds of insufficient notice and by petitioner's admission of the prior convictions. Johnson v. Crouse, 191 Kan. 694, 383 P. 2d 978.

"3. The conviction of petitioner in the Circuit Court of Barry County, Missouri is presumed to have been regular. This court will not hold that judgment to be void solely on the grounds that the journal entry of conviction does not indicate that petitioner was represented by counsel. Where no evidence is offered by the petitioner that he had not waived appointment of counsel, the petitioner has not sustained his burden on this issue. State v. Engberg, 194 Kan. 520, 400 P. 2d 701, cert. den. 383 U. S. 921, 15 L. Ed. 2d 676, 86 S. Ct. 899.

"4. The petitioner was adequately and effectively represented, in Case No. 1631, by his court-appointed counsel, Mr. Donald G. Sands, a former County Attorney of Jackson County, Kansas and of many years experience as a practicing attorney.

"5. The conviction and sentence in Case No. 1631 are valid and are not subject to collateral attack.

"6. While there appears to be some merit in petitioner's attack herein as to Case No. 1627, in view of the recent decision in State v. Felton, 194 Kan. 501, 399 P. 2d 817, in which it was held that in order to evoke the habitual criminal act the prior conviction must precede the principal offense and it would appear that the sentence in Case No. 1627 should be corrected for that reason,—Such

issue is not properly before the court at this time—as under the holding herein, the petitioner would still be confined under the valid and correct sentence in Case 1631 notwithstanding an adjudication of invalidity of the sentence in Case 1627. Rule 121 (c) (2).

"As to the issue of speedy trial raised by petitioner in connection with Case 1627, such issue was ruled on by the court at the time of the trial and such ruling of the court was not appealed from.

"The petition is denied as of August 2, 1965."

The record of the proceeding on the first 1507 hearing is incorporated in the record on appeal herein and fully sustains the findings of the trial court.

Though represented by court-appointed counsel, no appeal was perfected from the foregoing decision of the trial court denying the petitioner relief in the foregoing 1507 proceeding. On the basis of the record here presented had an appeal been perfected it would have been unavailing to the petitioner.

On the 20th day of March, 1966, the petitioner filed his second motion to vacate under the provisions of K. S. A. 60-1507, stating the same grounds for relief as were set forth in his previous motion.

On the same day the trial court denied the motion on the ground the application was a second or successive motion for similar relief on behalf of the same prisoner.

Appeal was subsequently perfected by the petitioner on the 27th day of May, 1966, and thereafter counsel was appointed to represent him on appeal.

The petitioner's motion in this case sets forth the following grounds for relief:

(1) That he was denied the effective assistance of counsel;

(2) That the Barry County, Missouri, conviction used to enhance his jailbreak sentence was void for lack of counsel;

(3) That he was denied the right to a speedy trial on the armed robbery charge;

(4) That his conviction on jailbreak could not validly be used to increase the penalty for armed robbery;

(5) That he was denied the right to call witnesses in his behalf; and

(6) That he was denied the right to an appeal with court-appointed counsel in the armed robbery case.

The petitioner was afforded a full and complete hearing on each of these claims in the previous proceeding. There he had the

benefit of the form prescribed by Rule No. 121 of the Supreme Court (194 Kan. xxvii), he was represented by court-appointed counsel, Marlin White, and he was returned to the sentencing court for a full evidentiary hearing at which he was permitted to testify in his own behalf. The sentencing judge, after making written findings of fact and conclusions of law as above, held against the petitioner in denying all relief.

No appeal was taken from this order and the time for appeal has long since expired. Moreover, the present motion contains nothing to show that the petitioner was unaware of his right to appeal or prevented in some way from taking an appeal.

K. S. A. 60-1507(c) provides:

"*Successive motions.* The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

This provision is further elaborated in Rule No. 121(d) of the Supreme Court (194 Kan. xxvii) as follows:

"The sentencing court shall not entertain a second or successive motion for relief on behalf of the same prisoner, where (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application."

This case is to be distinguished from *Adair v. State*, 198 Kan. 1, 422 P. 2d 959; or *Perrin v. State*, 196 Kan. 228, 410 P. 2d 298, where new grounds not contained in the first motion were presented in the second one, thereby making the foregoing rule inapplicable. Here the grounds presented in both motions were the same, and the case is similar to *Lee v. State*, 197 Kan. 371, 416 P. 2d 285.

Clearly, the determination of the petitioner's motion in the first 1507 proceeding was on the merits as to his jailbreak sentence. The court held that he had failed to sustain his burden of proof on the claimed invalidity of the prior Missouri conviction. The court also held he was adequately and effectively represented by court-appointed counsel. It concluded that the conviction and sentence in Case No. 1631 (jailbreak) "are valid and are not subject to collateral attack." The sentence imposed in that case was for fifteen years, and it has not yet been served. For this reason the sentencing judge of the first 1507 proceeding refused to consider the merits of the petitioner's claim that the jailbreak conviction could not be used to enhance his robbery sentence.

Here the two sentences were imposed by the same judge in the same court, one after the other, at different times, and there was nothing stated in the sentences as to whether they were to run consecutively or concurrently. Therefore, under G. S. 1949, 62-1512, here applicable, the sentences run consecutively. (*Beck v. Fetters*, 137 Kan. 750, 22 P. 2d 479.)

The foregoing reasoning of the trial judge is still applicable because of the provision in Rule No. 121(*c*) (2) (194 Kan. xxvii) that "a prisoner has no right to an adjudication of a motion challenging the validity of a sentence where notwithstanding an adjudication of invalidity of the sentence challenged he would still be confined under another sentence." Therefore, even assuming the petitioner's claims with respect to his robbery conviction (Case No. 1627) are correct, he is in no position to assert these grounds in a proceeding under 60-1507, *supra*, while he is serving a valid sentence on the jailbreak (Case No. 1631). (*Lee v. State*, supra.)

Would the ends of justice be served by permitting the petitioner to relitigate the merits of those claims previously determined against him?

In this connection, it should be noted the prior adverse determination was on the merits of every claim which could presently be adjudicated.

In discussing the parallel federal remedy under 28 U. S. S. §2255, the Supreme Court of the United States in *Sanders v. United States*, 373 U. S. 1, 10 L. Ed. 2d 148, 83 S. Ct. 1068 (1963), said:

"Even if the same ground was rejected on the merits on a prior application, it is open to the applicant to show that the ends of justice would be served by permitting the redetermination of the ground. If factual issues are involved, the applicant is entitled to a new hearing upon showing that the evidentiary hearing on the prior application was not full and fair; we canvassed the criteria of a full and fair evidentiary hearing recently in *Townsend v. Sain, supra* [372 U. S. 293, 9 L. Ed. 2d 770, 83 S. Ct. 745], and that discussion need not be repeated here. If purely legal questions are involved, the applicant may be entitled to a new hearing upon showing an intervening change in the law or some other justification for having failed to raise a crucial point or argument in the prior application. Two further points should be noted. *First*, the foregoing enumeration is not intended to be exhaustive; the test is 'the ends of justice' and it cannot be too finely particularized. *Second*, the burden is on the applicant to show that, although the ground of the new application was determined against him on the merits on a prior application, the ends of justice would be served by a redetermination of the ground." (pp. 16, 17.)

Applying the foregoing criteria, it does not appear that a second hearing would serve the ends of justice. In the first place, there is no indication anywhere in the record that the first hearing before the sentencing judge was not a full and fair evidentiary hearing in every respect. Counsel was appointed, the petitioner was returned, and he testified in his own behalf at the hearing. Furthermore, at the conclusion of the first hearing, counsel for the petitioner stated to the court that he had had ample time to go over the entire matter with the defendant and to prepare the case, that all evidence available had been submitted to the court, and that he had nothing further to present.

In *Hanes v. State,* 196 Kan. 409, 411 P. 2d 646, the court said the rule against successive motions for similar relief was "particularly applicable where, as here, petitioner's first motion for relief was prepared and filed by counsel, and an evidentiary hearing was granted." (p. 410.)

In the second place, the petitioner presented no intervening change in the law to the sentencing judge in the second motion. The burden was upon the petitioner to show these matters, and he failed to do so in his application.

The petitioner in his brief makes much of the fact that he submitted with his second motion a letter from the clerk of the Barry County circuit court in Missouri, in which he was previously convicted. This letter recites "there is no signed waiver [of counsel] attached to the files." It is apparent from the text of the letter that it was not requested by the petitioner until January 11, 1966, some six months after the hearing on his previous motion. The petitioner gives no explanation as to why it could not have been secured earlier. Attention is again called to the fact that counsel, who represented the petitioner in the first hearing, stated to the court that he had ample opportunity to go over the entire matter with the petitioner and to prepare the case, and that all evidence available had been submitted to the court.

We cannot say the ends of justice would be served to permit relitigation of issues once finally determined on the basis of the record here presented. The petitioner has not met the required burden of showing that the ends of justice would be served by a redetermination of the grounds asserted.

In a recent case substantially identical to the present, the Tenth Circuit Court of Appeals, in applying the criteria of *Sanders v. United States*, supra, said:

". . . The prior determination of those grounds was on the merits after an evidentiary hearing was held and it is difficult to see how the ends of justice would be served by a second hearing. There has been no intervening change in the law and certainly there is no showing that the prior hearing was not full and fair. In short, appellant has not met the required burden of showing that the ends of justice would be served by a redetermination of the grounds asserted." (*Stephens v. U. S.*, 341 F. 2d 100, 101 [1965].)

For the reasons heretofore stated, the judgment of the lower court dismissing the petitioner's second 1507 motion is affirmed.

KAUL, J., not participating.