No. 45,062

EDDIE DAVID COX, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(434 P. 2d 843)

Opinion filed December 9, 1967.

*Richard F. Waters,* of Junction City, argued the cause and was on the brief for the appellant.

*Richard H. Seaton,* assistant attorney general, argued the cause, and *Robert C. Londerholm,* attorney general, and *Richard Medley,* county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: This is an appeal from an order denying a second motion filed by appellant, Eddie David Cox, pursuant to the provisions of K. S. A. 60-1507 to vacate and set aside a judgment and sentence imposed by the district court of Geary county.

On March 18, 1960, appellant was convicted by a jury of the offenses of assault with intent to kill and kidnaping in the first degree, the jury stating in its verdict that the kidnaping occurred without harm to the victim. Appellant was sentenced and subsequently appealed to this court with the result he was granted a new trial on the ground the trial court had submitted an improper verdict form to the jury (*State v. Cox,* 188 Kan. 500, 363 P. 2d 528).

Appellant was returned to the trial court and rearraigned upon an amended information charging him again with the offenses of assault with intent to kill and kidnaping in the first degree. On September 12, 1961, he pleaded guilty to the assault charge and also to the lesser included offense of kidnaping in the second degree. For the latter offense he was sentenced to a term of twenty-five years in the penitentiary, such sentence to be served concurrently with that imposed for the assault charge.

Approximately two years later appellant filed a motion in the sentencing court asking for correction of the sentence imposed upon

the kidnaping conviction. On March 4, 1964, the sentencing court granted appellant's motion and sentenced him, correctly, to a term of not more than thirty years for the kidnaping offense. At the hearing upon this motion the state, for the first time, attempted to introduce evidence of prior felony convictions for the purpose of invoking the habitual criminal act. The trial court's ruling excluding the evidence of prior convictions was appealed by the state and was affirmed in *State v. Cox*, 194 Kan. 120, 397 P. 2d 406.

Thereafter appellant initiated his first proceeding pursuant to K. S. A. 60-1507, filing a motion on September 7, 1965, using the questionnaire type printed form as prescribed in the appendix to Rule No. 121 of this court (197 Kan. lxxvi). Double jeopardy was the only issue raised by appellant. A full evidentiary hearing was held upon this motion. Appellant was, as he has been throughout all stages of all proceedings mentioned herein, represented by competent counsel. The trial court sustained appellant's contention that he had been twice placed in jeopardy for the same offense and on February 16, 1966, ordered his release from confinement. On the same day a stay of execution of the release order was granted by this court on the written application of the state pending disposition of its appeal.

Upon such appeal this court held appellant was not twice put in jeopardy by his conviction for the offense of kidnaping in the second degree and that his detention for that offense was not unlawful, reversing the trial court's order (*Cox v. State*, 197 Kan. 395, 416 P. 2d 741, filed July 14, 1966.) Meanwhile appellant attacked his sentence, unsuccessfully, in the federal courts (see *Cox v. Crouse*, 376 F. 2d 824, CA 10).

On September 21, 1966, appellant, pursuant to K. S. A. 60-1507, filed in the sentencing court another motion to vacate his sentence as to the kidnaping charge, which motion, as subsequently amended, forms the subject of this appeal.

Appellant again used the prescribed printed form. The grounds for relief stated therein, as amended and as relied upon in this court, were two-fold: (1) He was not advised by the court at the time he pleaded guilty to the second degree kidnaping charge as to the nature and consequences of such plea, and (2) such plea was coerced by reason of the charge of first degree kidnaping pending against him. At this point we note the premise upon which this latter contention was based—unlawful double jeopardy—was decided adversely to appellant in his first 1507 proceeding.

The trial court again held a full evidentiary hearing at which appellant testified. In a lengthy memorandum filed February 14, 1967, setting forth its findings of fact and conclusions of law the trial court stated:

"Now, as to the question as to whether the petitioner is precluded from this action by his failure to set forth all his reasons in his original 60-1507, September 7, 1965, the Court is of the opinion that he should have been precluded by not setting forth all his reasons and reasoning in such original petition and proceeding. . . ."

However, the trial court went further and denied relief upon the merits. This appeal is from that order.

The state has affirmatively contended throughout that appellant should have been precluded from a hearing of his present contentions on the merits inasmuch as this was his third application for post conviction relief and he offered no reason or excuse for failing to present his current grounds earlier, and that the present motion constituted an abuse of the remedy provided by 1507. We are inclined to agree.

In the prescribed printed form used by appellant item 16 is as follows:

"16. If any ground set forth in (10) has not previously been presented to any court, state or federal, set forth the ground and state concisely the reasons why such ground has not previously been presented:

"(a) _____
"(b) _____
"(c) _____"

This item was left blank by appellant. The record on appeal reveals he made no attempt to furnish this information at the hearing; he gave no justification or excuse for having failed to raise the particular points in his prior motions although the matter appears to have been in issue. As indicated, appellant had previously been represented by competent counsel and had been accorded full evidentiary hearings with fair opportunity for airing all grievances. The nature of his present grounds for relief is such that appellant and his counsel were aware of them at all times. The facts upon which those purported grounds are based were available to them. Those grounds involved no new facts, and presented no unusual circumstances or intervening change in the law which might justify further use of the remedy.

Our 60-1507 enactment is intended to provide in a sentencing court a remedy exactly commensurate with that which had previ-

ously been available by habeas corpus (Rule 121 (*a*), supra). Although the rule has been that the doctrine of *res judicata* does not extend to a decision on habeas corpus refusing to discharge a prisoner, such rule does not preclude a court from exercising its discretion in refusing a discharge upon the ground of abuse of the privilege of the writ where a contention could have been presented on a prior petition but was withheld so as to preserve it for a subsequent application. This principle has been approved expressly or impliedly in our decisions (see *Cochran v. Amrine*, 153 Kan. 777, 113 P. 2d 1048; *Crebs v. Hudspeth*, 160 Kan. 650, 164 P. 2d 338).

We think the foregoing principle applicable as well to 1507 proceedings. Some degree of finality should be achieved so that endless piecemeal litigation will not interfere with the timely dispatch of all the business of the courts. Recognition of the doctrine of abuse of remedy has been given the federal counterpart of our post conviction remedy (*Sanders v. United States*, 373 U. S. 1, 10 L. ed. 2d 148, 83 S. Ct. 1068; see also *Smith v. State*, 195 Kan. 745, 408 P. 2d 647).

The trial court in effect made the requisite finding that appellant's application constituted an abuse of the remedy. Having so done, and we think correctly, such application should have been dismissed. Hence the cause is remanded to the trial court with directions to dismiss the proceedings.

APPROVED BY THE COURT.