No. 45,247

George R. Bundy, *Appellant,* v. The State of Kansas, *Appellee.*

(443 P. 2d 259)

Opinion filed July 13, 1968.

*Paul L. Aylward,* of Ellsworth, argued the cause and was on the brief for the appellant.

*R. E. Miller,* County Attorney, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Price, C. J.: Petitioner appeals from an order denying relief in a proceeding brought under K. S. A. 60-1507.

The record shows the following background of the matter:

In June 1963 petitioner was arrested on a warrant charging three counts of forgery, second degree. While in the county jail—and after being advised of his right to counsel and that any statement he made might be used against him—he wrote out a statement in the nature of a confession in the presence of the sheriff and county attorney. Thereafter, and after again being advised of his rights, he signed a waiver of his preliminary examination and consented that he be bound over to the district court for trial.

On September 5, 1963, an information was filed charging petitioner with three counts of forgery, second degree. An experienced attorney was appointed to represent him. On October 9, 1963, formal arraignment was waived and a plea of guilty was entered to count II of the information. Thereupon counts I and II were dismissed on motion of the state. Pursuant to the statute which now appears as K. S. A. 21-631 petitioner was sentenced to confinement in the penitentiary for a term not to exceed ten years. On the same day he applied for and was granted probation. A month later—on November 12—petitioner was again before the court on a "revocation of parole" hearing. He was represented by the same attorney who previously had been appointed for him. Following a hearing, the parole was revoked and the sentence imposed on October 9 was or-

dered to be carried out. Petitioner was advised of his right to appeal.

In May 1967 petitioner filed a motion in the district court to vacate sentence under K. S. A. 60-1507. Shortly thereafter—and without petitioner being present—the matter was heard. The court found that from an examination of the motion and of the files and records of the case it was conclusively shown that petitioner was entitled to no relief. The order further recited that petitioner was entitled to appeal and that, upon request, counsel would be appointed for purposes of appeal. Thereafter, on petitioner's written request, present counsel was appointed and this appeal was duly perfected.

It first is contended that the taking of a statement by the county attorney while petitioner was in the county jail and without counsel constituted a denial of due process.

The contention is without merit. The statement shows on its face that petitioner had been advised of his rights—including the right to counsel. There is no showing whatever that a request for counsel was denied (*State v. Brown,* 198 Kan. 473, 476, 426 P. 2d 129). Furthermore, the statement was not introduced or used against him —he voluntarily entered a plea of guilty with counsel at his side (*State v. Washington,* 198 Kan. 275, 280, 424 P. 2d 478).

It next is contended that the failure of the trial court to advise petitioner of his right to appeal from the judgment and sentence imposed on October 9, 1963, amounted to a denial of due process.

This contention likewise is without merit (*Call v. State,* 195 Kan. 688, 691, 408 P. 2d 668, cert. den. 384 U. S. 957, 16 L. ed. 2d 552, 86 S. Ct. 1581; *Allen v. State,* 199 Kan. 147, 150, 427 P. 2d 598). Furthermore, on November 12, when petitioner's parole was revoked and the October 9 sentence was ordered to be carried out, he was advised of his right to appeal with the assistance of appointed counsel.

Finally, it is contended the trial court erred in not holding an evidentiary hearing—and in denying relief.

The motion for relief filed by petitioner presented no disputed facts, and there was nothing about the case to cause the court to hold an evidentiary hearing (*Smith v. State,* 196 Kan. 438, 411 P. 2d 663; *Chappell v. State,* 197 Kan. 407, 416 P. 2d 786). As found by the trial court—the motion and the files and records of the case conclusively showed that petitioner was entitled to no relief.

No error appearing—the judgment is affirmed.