No. 46,188

HERBERT C. HACKER, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(483 P. 2d 484)

Opinion filed April 10, 1971.

*Thomas D. Kitch,* of Wichita, argued the cause and was on the brief for appellant.

*J. Stewart McWilliams,* Deputy County Attorney, argued the cause and *Kent Frizzell,* Attorney General and *Keith Sanborn,* County Attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: This appeal is from orders denying two separate motions for post-conviction relief. (K. S. A. 60-1507.)

In 1965 petitioner was tried and sentenced on three counts of robbery He is now serving three concurrent terms of not less than 10 nor more than 21 years.

Since his incarceration he has carried on constant litigation in an effort to find some basis of error in his trial. His direct appeal to this court is reported in *State v. Hacker,* 197 Kan. 712, 421 P. 2d 40. Petition for writ of certiorari was denied by the Supreme Court of the United States. (*Hacker v. Kansas,* 386 U. S. 967, 18 L. Ed. 2d 119, 87 S. Ct. 1050.)

Petitioner has since filed two successive motions for post-con-

viction relief in the state trial court. Both motions were on the form prescribed by our rules. (Rules of the Supreme Court, Rule 121, 205 Kan. xlvi.) The first was filed on April 18, 1968, and denied on summary hearing. No timely appeal was taken from that order. The second motion was filed April 23, 1969, and it too was denied. By stipulation of the parties both orders of denial appear here in this appeal in an effort to bring further litigation to an end in one appeal.

In addition to the proceedings in state courts the petitioner has listed the cases filed in the federal courts. Cases No. H. C. 4033, No. L-101 and No. L783 were considered and relief denied by the United States District Court for the district of Kansas. Case No. 9564 was considered and relief denied by the Tenth Circuit Court of Appeals. The Supreme Court of the United States denied certiorari on the denial of relief by the Tenth Circuit Court of Appeals. (*Hacker v. Crouse*, 390 U. S. 1006, 20 L. Ed. 2d 106, 88 S. Ct. 1251.)

The two points relied on by petitioner in the present appeal relate to the admissibility of evidence during the original trial. His claims relate to trial errors. They are not listed as grounds for post-conviction relief in either of his successive motions.

A proceeding instituted under the provisions of K. S. A. 60-1507 which collaterally attacks a judgment of conviction should not be used as a substitute for a second appeal. (*Lee v. State*, 204 Kan. 361, 461 P. 2d 743.)

It has been further held that when a 1507 motion is filed setting out grounds for relief, the petitioner is presumed to have listed all of the grounds on which he desires to rely, and a second motion, in which additional grounds for relief are alleged, may properly be denied in the absence of some showing of unusual circumstances or intervening changes in the law. (*Smith v. State*, 195 Kan. 745, 408 P. 2d 647; *Thomas v. State*, 199 Kan. 459, 430 P. 2d 268.)

In addition the motions filed by petitioner contain mere conclusionary contentions without the nomination of witnesses.

Mere conclusionary contentions of a petitioner in such a proceeding under K. S. A. 60-1507, for which no evidentiary basis is stated or appears and no witnesses named, are not suffiicient basis for relief from the conviction. (*Wolfe v. State*, 201 Kan. 790, 433 P. 2d 260; *Bundy v. State*, 201 Kan. 793, 443 P. 2d 259.)

The orders of the district court denying relief on these motions are supported by the record and are proper.

However, this court is concerned with the seemingly endless piecemeal litigation which petitioner has carried on as an indigent defendant. We have examined the record and find no unusual circumstances or intervening changes in the law which prevented petitioner from being aware of and raising all of his alleged trial errors in the direct appeal of his case to this court. Some degree of finality in the criminal appeal process must be achieved to prevent endless piecemeal litigation in both the state and federal courts. The time consumed and wasted prevents the timely dispatch of business in the courts. Under the facts and circumstances appearing in this record the filing of the second successive motion constitutes an abuse of the remedy provided in K. S. A. 60-1507, and the district court would have been justified in dismissing the successive motion for abuse of the remedy as authorized in K. S. A. 60-1507 (*c*) and the rules of this court, Rule No. 121 (*d*), 205 Kan. xlv. The authority for dismissing successive motions on the ground their use constitutes an abuse of remedy was established in *Cox v. State,* 200 Kan. 198, 200, 201, 434 P. 2d 843 and may be found more recently in *Lee v. State,* (No. 46,181) 207 Kan. 185, 485 P. 2d 482. (See also *Salinger v. Loisel,* 265 U. S. 224, 68 L. Ed. 989, 44 S. Ct. 519, and *Wong Doo v. United States,* 265 U. S. 239, 68 L. Ed. 999, 44 S. Ct. 524.)

The orders appealed from are affirmed.