No. 63,508

STATE OF KANSAS, *Appellant*, v. HUGH E. "BO" MILLER, *Appellee*.

(790 P.2d 419)

Opinion filed April 13, 1990.

*Debra Byrd*, assistant district attorney, argued the cause, and *Robert T. Stephan*, attorney general, *Nola Foulston*, district attorney, and *Mona Furst*, assistant district attorney, were on the brief for the appellant.

No appearance by appellee.

The opinion of the court was delivered by

MILLER, C.J.: This is an appeal by the State on a question reserved pursuant to K.S.A. 22-3602(b)(3). The sole issue is whether the district court had jurisdiction to hear a motion to modify sentence. The motion was filed more than 120 days after the clerk of the district court received the mandate from the clerk of the Kansas Appellate Courts, but within 120 days of receipt by counsel for the parties of a copy of an order from the clerk of the Supreme Court of the United States stating that defendant's petition for writ of certiorari was denied.

The facts are not disputed. Hugh E. "Bo" Miller was convicted by jury trial in Sedgwick County District Court of aggravated battery, K.S.A. 21-3414, on April 16, 1985. Sentence was imposed on June 11, 1985. Miller filed a notice of appeal that same day. The appeal was dismissed on April 18, 1986, for failure to docket the appeal in the appellate court. Though the record before us is ambiguous as to the date, it is clear that Miller filed a motion to modify his sentence. The district court sustained the motion and modified the sentence on March 26, 1987; Miller filed a

notice of appeal that same day. The Court of Appeals affirmed in *State v. Miller*, No. 60,738, unpublished opinion filed March 10, 1988. Miller's petition for review was denied by this court on May 4, 1988. 243 Kan. 781. The mandate was received and filed by the clerk of the district court on May 10, 1988.

On June 24, 1988, the trial court continued Miller's appearance bond to allow him to file a petition for certiorari in the United States Supreme Court. On October 3, 1988, the United States Supreme Court denied Miller's petition for certiorari. A copy of the order denying certiorari was received and filed by the clerk of the Kansas appellate courts on October 11, 1988. Apparently, copies were also received by the district attorney and Miller's attorney.

On November 8, 1988, Miller filed another motion in district court to modify his sentence. The motion was filed within 120 days of receipt of a copy of the order of the United States Supreme Court denying certiorari, but not until well over 120 days after the Kansas mandate was received by the clerk of the district court. At the hearing on Miller's November 8, 1988, motion to modify, the State argued that the court did not have jurisdiction to hear the motion. The court ruled the motion was timely filed and thus the court had jurisdiction to hear it; however, the court declined to modify the sentence further and ordered Miller to serve the sentence as modified on March 26, 1987. The State reserved the question of jurisdiction and appeals.

K.S.A. 21-4603(3), in effect at the time of the modification hearing, provided in part:

"Any time within 120 days after a sentence is imposed . . . the court may modify such sentence . . . by directing that a less severe penalty be imposed in lieu of that originally adjudged within statutory limits. *If an appeal is taken and determined adversely to the defendant, such sentence may be modified within 120 days after the receipt by the clerk of the district court of the mandate from the supreme court or court of appeals.*"

The present language of K.S.A. 1989 Supp. 21-4603(3) is similar:

"(a) Except when an appeal is taken and determined adversely to the defendant as provided in subsection (b) of this subsection (3), at any time within 120 days after a sentence is imposed, . . . the court may modify

such sentence . . . by directing that a less severe penalty be imposed in lieu of that originally adjudged within statutory limits . . . .

"(b) *If an appeal is taken and determined adversely to the defendant, such sentence may be modified within 120 days after the receipt by the clerk of the district court of the mandate from the supreme court or court of appeals.*" (Emphasis supplied.)

Miller argues that the statute does not say the mandate must be from the Kansas Supreme Court or Court of Appeals, and therefore the district court had jurisdiction because the motion was timely filed as to the "mandate" in the form of the copy of an order he received from the clerk of the *United States* Supreme Court. We are not persuaded.

At the time of the district court's assumption of jurisdiction, Sup. Ct. R. 23, 28 U.S.C. app. (1982), governed the procedure in the United States Supreme Court upon denial of a petition for certiorari. The rule reads in applicable part:

"Rule 23. Disposition of petition for certiorari

"1. After consideration of the papers distributed pursuant to Rule 22, the Court will enter an appropriate order. The order may be a summary disposition on the merits.

. . . .

"3. Whenever a petition for writ of certiorari to review a decision of any court is denied, an order to that effect will be entered and the Clerk forthwith will notify the court below and counsel of record. . . ."

Sup. Ct. R. 16, 50 CCH S. Ct. Bull. p. 9029, which took effect January 1, 1990, is identical in all relevant respects.

Another rule, Sup. Ct. R. 52.2, 28 U.S.C. app. (1982), governed the issuance of mandates in cases coming from state courts (now Sup. Ct. R. 45.2, 50 CCH S. Ct. Bull. p. 9066, similar in all relevant respects). It is clear that the order issued by the United States Supreme Court on October 3, 1988, was simply an order under Sup. Ct. Rule 23 denying the petition for certiorari and not a mandate under Rule 52.2. Notification was given by sending copies of the order to the clerk of the Kansas Court of Appeals, from which certiorari was sought, and to counsel of record. No copy of the order was sent to the sentencing court; instead, the copy sent to the district attorney was filed with the clerk of the district court on September 18, 1989.

That, however, is not decisive of the issue before us. When in Chapters 21 and 22 the Kansas statutes speak of the Supreme

Court, the Court of Appeals, the appellate courts, or the district courts, they speak of Kansas state courts. K.S.A. 21-4603 empowers "the court" to modify a sentence within a defined period of time. "Court" is defined by K.S.A. 21-4602(1) as "any court having jurisdiction and power to sentence offenders for violation of the laws of this state." Kansas district courts have such jurisdiction. See K.S.A. 20-301. Kansas statutes do not define federal crimes and offenses (with the exception of those made applicable under certain circumstances by virtue of the Assimilative Crimes Act, 18 U.S.C. § 13 [1988], not here involved) nor do they govern the jurisdiction of or the procedure in United States courts.

When the Kansas Legislature wishes to speak of United States courts, it does so in specific terms. See, for example, K.S.A. 60-3201 and K.S.A. 1989 Supp. 60-2202. Federal sentencing statutes refer to federal courts unless otherwise clearly stated; state sentencing statutes refer to state courts. Fed. R. Crim. Proc. 1 states: "(T)hese rules govern the procedure of all criminal proceedings in the courts of the United States . . . and whenever specifically provided in one of the rules, to . . . proceedings before state . . . judicial officers." Similarly, K.S.A. 22-2102 provides: "The provisions of this code [the Kansas Code of Criminal Procedure] shall govern proceedings in all criminal cases in the courts of the state of Kansas, but shall have application to proceedings in police and municipal courts only when specifically provided by law."

The fundamental rule of statutory construction is that the intent of the legislature governs. *State v. Adee*, 241 Kan. 825, 829, 740 P.2d 611 (1987). Ordinary words and phrases are generally to be construed according to their ordinary meaning, without additional meaning being read into them by the courts. *State v. Dubish*, 234 Kan. 708, 712, 675 P.2d 877 (1984). Language of statutes is also to be construed according to the context in which it is used.

We held in *State v. Timmerman*, 236 Kan. 414, 691 P.2d 33 (1984), that under K.S.A. 21-4603(3), a defendant has 120 days after his *direct appeal* has been finally determined to move for modification of sentence, and that the filing of a collateral proceeding pursuant to K.S.A. 60-1507 does not extend the time for filing a motion to modify a sentence. We indicated that K.S.A.

21-4603(3) is to be read simply and plainly, with an eye to finality in criminal litigation.

We hold that, in cases which have been appealed, a district court does not have jurisdiction to consider a motion to modify sentence unless a motion is filed within 120 days from the time the clerk of the district court receives the mandate from the Kansas Supreme Court or Court of Appeals. The filing of a petition for certiorari in the United States Supreme Court, or the receipt of a copy of an order of that Court denying certiorari, does not extend the time for the filing of a motion to modify sentence. The filing of a motion to modify sentence is limited by the plain terms of K.S.A. 21-4603(3), now K.S.A. 1989 Supp. 21-4603(3)(b).

The appeal is sustained.