No. 47,373

LEROY BRIZENDINE, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(524 P. 2d 718)

Opinion filed July 17, 1974.

*J. Paul Maurin, III,* of Kansas City, argued the cause and was on the brief for the appellant.

*John J. Bukaty, Jr.,* Deputy District Attorney, argued the cause and *Vern Miller,* Attorney General, and *Nick A. Tomasic,* District Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is an appeal by petitioner, Leroy Brizendine, from the trial court's denial of relief on petitioner's second motion filed under the provisions of K. S. A. 60-1507. The petitioner appealed from an adverse ruling on his first motion. Our opinion affirming the trial court's order in that instance appears as *Brizendine v. State,* 210 Kan. 241, 499 P. 2d 525.

In January of 1970 petitioner was tried and convicted of burglary and at his request an attorney was appointed to perfect an appeal from his conviction. The facts and circumstances surrounding the charge filed against petitioner and his trial are set forth in our opinion in *Brizendine v. State,* supra, and need not be repeated here.

On June 11, 1971, about seventeen months following petitioner's trial, petitioner filed his first motion under K. S. A. 60-1507 alleging that his attorney had failed to perfect his direct appeal. The trial court granted a full evidentiary hearing on petitioner's motion and denied relief for the reasons appearing in this court's opinion. On appeal we affirmed the trial court holding that petitioner had failed to show any error by the trial court in its findings of fact and conclusions of law in denying his motion. Our opinion on petitioner's appeal was filed July 19, 1972 (210 Kan. 241). Thereafter, on September 25, 1972, petitioner initiated the instant proceeding by filing a second motion under 60-1507 to set aside his sentence. In this second motion petitioner sought relief on the grounds that he was denied his right to a speedy trial in that he was held in jail,

unable to post bond, for a period in excess of ninety days contrary to K. S. A. 1973 Supp. 22-3402. Thereafter, present counsel was appointed to represent petitioner and an amended or substitute motion was filed on behalf of petitioner on March 21, 1973, in which petitioner again alleged that he was denied his right to a speedy trial. The instant motion was heard by the trial court on April 13, 1973. The trial court concluded that 22-3402, a section of the new Code of Criminal Procedure—which became effective July 1, 1970, was not applicable to petitioner's case and that he was tried within the time limit prescribed by K. S. A. 62-1431, the applicable statute at the time of petitioner's trial.

The trial court further found that petitioner was barred from raising the points relied on in his last motion in view of his opportunity and failure to do so in his prior motion referred to.

In the instant appeal petitioner claims error with respect to both of the conclusions of the trial court referred to.

At the outset, it should be pointed out that the trial court would have been justified in dismissing this second motion of petitioner since he has failed to allege or show any unusual circumstances justifying his failure to include all of his grounds for relief in his first motion. With respect to successive motions to vacate a judgment and sentence under 60-1507 this court has repeatedly held that a second motion, in which additional grounds for relief are alleged, may properly be denied in the absence of some showing of unusual circumstances or intervening changes in the law. (*Hacker v. State,* 207 Kan. 195, 483 P. 2d 484 [cert. den. in *State v. Hacker,* 197 Kan. 712, 421 P. 2d 40, 386 U. S. 967, 18 L. Ed. 2d 119, 87 S. Ct. 1050]; *Thomas v. State,* 199 Kan. 459, 430 P. 2d 268; and *Smith v. State,* 195 Kan. 745, 408 P. 2d 647.) Nevertheless, since the trial court in the instant case considered petitioner's motion on the merits, we shall give attention to petitioner's points on appeal.

As his first and principal point petitioner claims that although his arrest, trial, and sentence were all concluded in January of 1970, more than five months prior to the effective date of the new Code of Criminal Procedure, the new Code should, nevertheless, be applicable to his case. We understand petitioner's position to be that the ninety days limitation set out in K. S. A. 1973 Supp. 22-3402 (1) is applicable based on his novel construction of K. S. A. 1973 Supp. 22-4602 which he urges us to accept. The purpose of 22-4602 is to clarify problems which may arise and establish guidelines for

transition in changing from the old Code of Criminal Procedure to the new Code, enacted by the legislature in 1970 (L. 1970, Ch. 129). It reads as follows:

"(1) The trial of any prosecution commenced prior to the effective date of this chapter, and proceedings incidental thereto, shall be governed by this chapter unless the defendant elects to be proceeded against under the law in force at the time the prosecution was commenced. Such election shall be made by the defendant in open court or in writing at or prior to the time of commencement of trial.

"(2) Appeals commenced prior to the effective date of this chapter shall be governed by the provisions of this chapter from and after its effective date."

In his brief petitioner makes this statement:

". . . Where the prosecution is commenced prior to the effective date of the Code, and in the absence of an election to proceed against under the old Code, then the new Code is applicable. . . ."

Petitioner's ingenious reasoning proceeds—that since he did not file an election to be proceeded against under the old Code he thereby of necessity chose to be proceeded against under the new Code of Criminal Procedure. Petitioner's assertion is a *non sequitur*. Obviously, there is no way a defendant could elect in open court to be prosecuted under a law which was not yet enacted and which, when passed by the legislature, was declared to be effective July 1, 1970, more than five months after petitioner's trial. (See K. S. A. 1973 Supp. 22-4602.) Petitioner cites the cases of *State v. Davis*, 209 Kan. 225, 495 P. 2d 965; and *State v. Sanders*, 209 Kan. 231, 495 P. 2d 1023. Neither case supports petitioner's position because in each instance the proceedings against the respective defendants were still pending after the enactment and effective date of the new Code of Criminal Procedure. (*State v. Ralls*, 213 Kan. 249, 515 P. 2d 1205.) Petitioner makes no complaint that he was not tried within two terms of the district court as required by K. S. A. 62-1431, the effective statute prior to July 1, 1970.

Petitioner's second contention is that the trial court erred in ruling that he was barred from raising the question concerning a speedy trial merely because he had previously filed a motion under 60-1507. K. S. A. 60-1507 (*c*) reads:

"(*c*) *Successive motions.* The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

Petitioner does not dispute nor argue with the intent of this particular section but says that it is not the intent of the section

that the sentencing court is required to summarily dismiss each and every successive motion. We agree with petitioner's interpretation of the section in this respect that where a second or successive motion raises a point not raised in the previous motion and supports such action by showing a change of circumstances, such as a change in applicable law or some other reasonable explanation for not having raised the issue in the first motion, the trial court should hear the new motion on its merits. In this connection this court has consistently held that where a petitioner files a motion for relief under 60-1507 he is presumed to have listed all grounds for relief and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground (*Cantrell v. State,* 210 Kan. 528, 502 P. 2d 840; and *Smith v. State,* supra). Moreover, in the instant case the trial court's ruling in this regard is actually meaningless since the trial court did proceed to hear petitioner's second motion on its merits. Thus, any question concerning the propriety of the trial court's ruling that petitioner was barred from filing a second motion is rendered moot.

We find no error disclosed in the record and the judgment is affirmed.