No. 47,021

ASBERRY WALKER, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(530 P. 2d 1235)

Opinion filed January 25, 1975.

Douglas C. Richards, of Topeka, argued the cause, and *James E. Martin,* also of Topeka, was with him on the brief for the appellant.

*Porter K. Brown,* county attorney, argued the cause, and *Vern Miller,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This appeal arises from an order of the trial court denying petitioner's second successive motion for post-conviction relief filed pursuant to K. S. A. 60-1507. As a basis for this motion

petitioner argues that his conviction was obtained through the use of a constitutionally invalid search warrant, in that the warrant was not definite and certain as to the premises to be searched.

In June of 1967 a jury found petitioner guilty of the crime of second degree burglary and upon denial of his motion for a new trial he was sentenced under the habitual criminal act to a term of fifteen years to life. A timely appeal was filed to this court alleging various trial errors, including the question of whether the search warrant was overly broad as to the premises to be searched. In affirming the decision of the trial court (*State v. Walker*, 202 Kan. 475, 449 P. 2d 515), we refused to consider the search warrant issue as its determination depended on facts which did not appear in the record. Specifically, petitioner failed to present evidence establishing that the premises searched was a four-family apartment building. Without proof that the premises was a multi-family dwelling we could not consider the issue of whether the search warrant was overly broad for failing to designate the particular apartment to be searched. At the trial level the search warrant was not challenged in any way, and as a result the record contained very little pertaining to its issuance and execution. As the search warrant was regular on its face we were left with the presumption of its validity.

After failing on his direct appeal to this court, petitioner filed his first motion for post-conviction relief, pursuant to K. S. A. 60-1507, on the sole ground that his sentence was obtained in violation of the due process clause of the Fourteenth Amendment in that he was denied effective assistance of counsel at his trial. The trial court denied the motion and no appeal was taken by petitioner.

Approximately three years later petitioner filed his second 1507 motion for post-conviction relief requesting the trial court to vacate and set aside his conviction and sentence for the reason that his conviction was obtained by virtue of an invalid search warrant. After a hearing at which petitioner was represented by counsel, the trial court denied the relief prayed for. The court found no unusual circumstances existed which would excuse the failure of petitioner to raise the issue of the allegedly deficient search warrant on his direct appeal to the Supreme Court or on his first 1507 motion. Furthermore, after reviewing the evidence produced at the hearing the trial court concluded the search warrant in question was not overly broad in light of the circumstances surrounding its issuance.

Petitioner contends there were exceptional circumstances in this case which would provide ample justification for this court to consider the merits of his constitutional claim. After a thorough examination of the record, however, we are unable to find any evidence to support petitioner's naked allegation of unusual or exceptional circumstances which would excuse his failure to raise the issue prior to his second 1507 motion.

The procedure in this state for post-conviction challenges to criminal convictions is set forth in K. S. A. 60-1507. This provision is intended to afford a remedy exactly commensurate with that which has previously been available by habeas corpus. (*Cox v. State,* 200 Kan. 198, 434 P. 2d 843.) A prisoner in custody under the sentence of a court of general jurisdiction claiming the right to be released on the ground that the sentence was imposed in violation of the constitution or laws of the United States or of the State of Kansas, that the sentencing court lacked jurisdiction, that the sentence was in excess of that allowed by law, or that the sentence is otherwise subject to collateral attack, may move the court at any time to vacate, set aside or correct the sentence. (K. S. A. 60-1507 [a].)

Matters which may properly be raised by a 1507 motion are not unlimited, and it has been repeatedly stated that proceedings pursuant to K. S. A. 60-1507 cannot ordinarily be used for the purpose of reviewing trial errors which might have been reviewed in the original appeal. (*Cantrell v. State,* 206 Kan. 323, 478 P. 2d 192.) Only when such errors impinge on constitutional rights may they be considered and then only in exceptional circumstances. (*Zimmer v. State,* 206 Kan. 304, 477 P. 2d 971; *Tuscano v. State,* 206 Kan. 260, 478 P. 2d 213.) These principles are now embodied in Supreme Court Rule 121 (*c*) (3). (214 Kan. xxxix.)

In addition, K. S. A. 60-1507 (*c*) and Rule 121 (*d*) provide that a sentencing court is not required to entertain a second or successive motion for relief on behalf of the same prisoner. When a petitioner, in answer to question No. 10 of the prescribed form of the motion, sets out a ground or grounds for relief, he is presumed to have listed all the grounds upon which he is relying, and a second motion in which additional grounds for relief are alleged may properly be denied. (*Lee v. State,* 207 Kan. 185, 483 P. 2d 482.) In the absence of a showing of unusual circumstances or intervening changes in the law justifying the original failure to list a

ground, the trial court may properly refuse to hear a second or successive 1507 motion. (*Brizendine v. State*, 215 Kan. 433, 524 P. 2d 718.)

The underlying rationale for these limitations on the availability of post-conviction relief pursuant to 60-1507 is the necessity for some degree of finality in the criminal appeal process in order to prevent the endless piecemeal litigation in both the state and federal courts. Accordingly, only under rare conditions will a trial court be required to entertain arguments on a matter which ordinarily could have been raised on direct appeal or on a prior 1507 motion.

In the instant case we have a situation wherein the petitioner had the opportunity to raise the matter of the allegedly defective search warrant both on his direct appeal to this court and on his first 1507 motion. As has already been pointed out, we refused to consider this issue on direct appeal due to the absence of proof of the essential facts of the allegation. Petitioner's only excuse for failing to raise the question of the search warrant on his first 1507 motion was that "he does not know anything about law." This statement must be considered in light of the fact that one of the grounds listed in his first 1507 motion was the incompetency of counsel for refusing to challenge a faulty search warrant. Petitioner cannot now claim he had no knowledge of the faulty search warrant issue when in fact he argued that his counsel was incompetent for failing to object to it. In addition, petitioner was undoubtedly aware of the fact that the issue had been raised on his direct appeal and not dealt with by this court.

Based on this evidence we concur with the finding of the trial court that there can be no question as to petitioner's knowledge of the allegedly faulty search warrant when he filed his first 1507 motion. We find no exceptional or unusual circumstances existing in the instant case which would justify further extension of our post-conviction relief process. Accordingly, petitioner's further use of K. S. A. 60-1507 to obtain a hearing constituted an abuse of remedy, and the motion was properly dismissed by the sentencing court.

In view of this conclusion we deem it both unnecessary and inappropriate to consider the merits of petitioner's motion for collateral relief.

The judgment is affirmed.