NOT DESIGNATED FOR PUBLICATION

No. 117,813

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

AMONEO D. LEE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed May 18, 2018. Affirmed.

*David L. Miller*, of Ney, Adams & Miller, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., BUSER AND GARDNER, JJ.

PER CURIAM: Amoneo D. Lee appeals from an order denying his K.S.A. 60-1507 motion which challenged the constitutionality of his hard 40 sentence. Based on a recent Kansas Supreme Court decision which refutes each claim of error Lee makes, we affirm.

1

*Factual and procedural background*

In November 1995, Lee was charged with first-degree murder and criminal possession of a firearm. Lee's first trial ended in a mistrial. Upon retrial, a jury convicted Lee of first-degree murder and criminal possession of a firearm.

At the time of Lee's sentencing, the penalty for first-degree murder was life without parole eligibility for 25 years. K.S.A. 22-3717(b)(1) (Furse 1995). The State requested a mandatory 40-year sentence pursuant to K.S.A. 21-4635 (Furse 1995) based on Lee's previous felony conviction for aggravated battery. To prove Lee inflicted great bodily injury—the aggravating circumstance—the victim testified regarding the injuries he had suffered as a result of Lee's aggravated battery. The district court found the aggravating circumstances requirement was met and sentenced Lee to a hard 40.

Lee unsuccessfully appealed his convictions to the Kansas Supreme Court. *State v. Lee*, 266 Kan. 804, 977 P.2d 263 (1999) (*Lee I*). Lee next filed his first K.S.A. 60-1507 motion, which the district court and this court summarily denied. *Lee v. State*, No. 86,058, unpublished opinion filed October 12, 2001 (Kan. App.) (*Lee II*). Lee then filed a second K.S.A. 60-1507 proceeding, which the district court and this court denied as successive. *Lee v. State*, No. 96,286, 2007 WL 2080436 (Kan. App. 2007) (unpublished opinion) (*Lee III*).

Next, Lee filed a motion to correct illegal sentence claiming that his hard 40 sentence was unconstitutional in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), because it permitted a judge to find the aggravating factors listed under K.S.A. 21-4638 by a preponderance of the evidence, instead of requiring a jury to make that finding beyond a reasonable doubt. *State v. Lee*, No. 101,638, 2011 WL 433533 (Kan. 2011) (unpublished opinion) (*Lee IV*). The district court denied relief, and our Supreme Court upheld the denial, finding that aggravating

2

factors may have affected Lee's parole eligibility but not his maximum sentence. 2011 WL 433533, at *1.

Lee then pursued a second motion to correct illegal sentence. *State v. Lee*, 304 Kan. 416, 372 P.3d 415 (2016) (*Lee V*). He asserted that his hard 40 sentence was illegal because it was imposed under a statutory procedure found unconstitutional in *State v. Soto*, 299 Kan. 102, 322 P.3d 334 (2014), based on the United States Supreme Court decision in *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). The district court granted Lee's motion, and the State appealed. The Kansas Supreme Court reversed the district court and vacated its order of resentencing because constitutional claims cannot be made in a motion to correct an illegal sentence. *Lee V*, 304 Kan. at 417-19.

Lee then filed his third K.S.A. 60-1507 motion, which underlies this appeal. It raised essentially the same issues Lee raised in his second motion to correct illegal sentence, the merits of which the Kansas Supreme Court did not reach. The district court found that *Alleyne* does not apply retroactively, citing *Kirtdoll v. State*, 306 Kan. 335, 393 P.3d 1053 (2017). The district court also found Lee's state constitutional claims regarding Sections 5 and 18 of the Kansas Constitution Bill of Rights untimely. Lee timely appealed, raising four issues.

*Is Lee entitled to relief based on the retroactive application of* Alleyne*?*

We first examine Lee's claim that *Alleyne*, decided in 2013, should be applied retroactively, making his hard 40 sentence, which became final in 1999, unconstitutional. The Supreme Court in *Alleyne* expanded the reach of the Sixth Amendment's right to a jury trial by requiring that any fact which increases a sentence beyond the mandatory minimum be submitted to a jury and proven beyond a reasonable doubt. 570 U.S. at 115-16. This rendered unconstitutional Kansas' hard 40/50 sentencing statutes because they

3

allowed a judge, rather than a jury, to determine facts that would enhance one's mandatory minimum sentence. *Soto*, 299 Kan. at 124. Cases involving hard 40/50 sentences on appeal when *Alleyne* was decided were thus reversed.

*Standard of Review*

Where, as here, the district court summarily denies a K.S.A. 2017 Supp. 60-1507 motion, this court conducts an unlimited review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

*Analysis*

The Kansas Supreme Court rejected an argument similar to Lee's in *Kirtdoll* and held that *Alleyne* does not provide retroactive relief. *Kirtdoll*, 306 Kan. 335, Syl. ¶ 1.This court follows Kansas Supreme Court precedent unless we find some indication that it is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). Here, we find none.

In *Kirtdoll*, the Kansas Supreme Court squarely held that *Alleyne* does not apply retroactively. 306 Kan. at 341. *Kirtdoll* applied the three-step analysis from *Gaudina v. State*, 278 Kan. 103, 105, 92 P.3d 574 (2004), for determining whether a change in the law should apply retroactively in a criminal case under collateral attack:  (1) whether the issue is properly raised in the collateral attack; (2) whether the case was final when the new law was established; and (3) if a case was final, if an exception to the general rule against retroactive applicability applies. A conviction is generally considered final when the judgment of conviction has been rendered, the availability of an appeal has been exhausted, and the time for any rehearing or final review has passed. *Kirtdoll*, 306 Kan. at 339-40. *Kirtdoll*'s analysis and conclusion govern here.

4

Lee tries to avoid *Kirtdoll*'s precedential effect by claiming that *Alleyne* was not new law, but was merely a reiteration of law earlier established by the United States Supreme Court in *Jones v. United States*, 526 U.S. 227, 119 S. Ct. 1215, 143 L. Ed. 2d 311 (1999). Specifically, Lee claims that "[t]he 'common law tradition' referenced in Justice Stevens' concurring opinion in *Jones* was expanded upon by Justice Thomas in his concurring opinion in *Apprendi*" and that *Alleyne* "was merely an extension of *Apprendi*" foreshadowed by *Jones*.

The chronology of the events underlies Lee's argument that his case was not final when the rule in *Alleyne* was first articulated in *Jones*. In *Lee I*, the Kansas Supreme Court affirmed Lee's convictions on March 5, 1999. *Jones* was decided on March 24, 1999—before Lee's time to seek rehearing or request review from the United States Supreme Court expired. Lee sought no further direct relief, and *Alleyne* was decided 13 years later. According to Lee, he is entitled to relief because his case was not final when the rule in *Alleyne* was first articulated in *Jones*.

We are unpersuaded by Lee's argument, which is unsupported by citation to any case in which a court has treated *Jones* as the controlling law for this purpose. Nothing in *Alleyne* indicates that the *Jones*' holding controls. Further, *Apprendi* is not treated as a "mere extension" of *Jones*, so there is no reason *Alleyne* should be treated differently. We find that the district court properly denied Lee's K.S.A. 60-1507 motion because *Alleyne* does not apply retroactively to cases that were final when *Alleyne* was decided, as Lee's was.

*Was the district court constitutionally required to apply* Alleyne *retroactively because it announced a new substantive rule of constitutional law?*

Lee alternatively claims that *Alleyne* announced a new substantive rule of law; thus, the district court was required to apply it retroactively.

5

Lee concedes that the Kansas Supreme Court in *Kirtdoll* analyzed *Alleyne* under the procedural rubric but argues that it did not address the specific issue of whether *Alleyne* announced a new rule of substantive or procedural law. Having reviewed *Kirtdoll*, we agree that the Supreme Court did not expressly state that it considered *Alleyne* to announce a procedural, rather than a substantive, rule. Nonetheless, its analysis and findings render that conclusion inescapable. See *Schriro v. Summerlin*, 542 U.S. 348, 353, 124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004) (finding a rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes; in contrast, rules that regulate only the manner of determining the defendant's culpability are procedural); *State v. Hutchison*, 228 Kan. 279, 287, 615 P.2d 138 (1980).

The Kansas Supreme Court treated *Alleyne* as a procedural rule in *Kirtdoll*, and we do so likewise. *Alleyne* announced a new procedural rule of law; thus, the district court was not required to apply it retroactively.

*Did* Alleyne *announce a watershed rule of criminal procedure that must be retroactively applied?*

Lee next invokes an exception to the general rule that a new law established after a case is final will not be applied to that case on collateral attack. He contends that *Alleyne*, even if it is a procedural rule, should apply retroactively because it is a "watershed rule," which involves "procedures implicit in the concept of ordered liberty." *Kirtdoll*, 306 Kan. at 340; *Teague v. Lane*, 489 U.S. 288, 311-13, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989).

The Kansas Supreme Court in *Kirtdoll* expressly addressed this issue and held that the *Alleyne* holding was not a watershed rule. 306 Kan. at 341 (finding that because *Alleyne* is an extension of *Apprendi*, "it would be counterintuitive, at best, to elevate *Alleyne* to the watershed rule status that was denied to *Apprendi*"). Lee acknowledges this point and concedes that his argument is being made solely to preserve it for further

review. Based on *Kirtdoll*, we find that *Alleyne* did not announce a watershed rule of criminal procedure warranting retroactive applicability.

*Does Kansas' hard 40 statute violate Sections 5 and 18 of the Kansas Constitution Bill of Rights?*

Lee's final claim is that K.S.A. 21-4635 (Furse 1995), the former hard 40 statute, is facially unconstitutional because it is a constitutionally inadequate substitution for an integral part of the right to trial by jury that existed at the time the Kansas Constitution was adopted, i.e., that any fact essential to punishment had to be found by a jury beyond a reasonable doubt. But this claim is untimely and successive so we do not reach its merits.

Lee's K.S.A. 60-1507 motion is untimely. Generally, a defendant has one year after a conviction becomes final to file a motion under K.S.A. 2017 Supp. 60-1507(a). K.S.A. 2017 Supp. 60-1507(f)(1). But individuals, such as Lee, who had claims preexisting the 2003 statutory amendment had until June 30, 2004, to file a K.S.A. 60-1507 motion. *Pabst v. State*, 287 Kan. 1, 22, 192 P.3d 630 (2008). It is uncontested that Lee filed his motion long after that deadline. This time limit may be extended only to prevent a manifest injustice. K.S.A. 2017 Supp. 60-1507(f)(2). *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013).

To determine whether manifest injustice exists, "the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2017 Supp. 60-1507(f)(2)(A). If the motion is outside of the time limitations and if the dismissal of the motion would not amount to manifest injustice, the motion must be dismissed as untimely. K.S.A. 2017 Supp. 60-1507(f)(3).

Lee fails to show why he failed to file the motion within the one-year time limitation and makes no colorable claim of actual innocence. Instead, Lee claims his motion is timely, relying on *Alleyne* to justify an extension of his rights to a jury trial. But we have rejected above Lee's attempt to extend the "finality" of his case, and *Alleyne* itself does not amount to manifest injustice and cannot justify his untimeliness. See *Kirtdoll*, 306 Kan. at 341.

Lee's motion is also successive. Kansas courts are not required to entertain successive motions. K.S.A. 60-1507(c). We do so only upon a showing of exceptional circumstances justifying consideration. *State v. Kelly*, 291 Kan. 868, Syl. ¶ 2, 248 P.3d 1282 (2011); *Walker v. State*, 216 Kan. 1, Syl. ¶ 2, 530 P.2d 1235 (1975) (stating that a movant is presumed to have listed all grounds for relief and subsequent motion need not be considered in the absence of the circumstances justifying the original failure to list a ground). This is Lee's third K.S.A. 60-1507 motion, and he failed to raise his Kansas constitutional claims in either of his previous motions. He alleges no exceptional circumstances convincing this court to entertain his successive motion. Further, the *Alleyne* decision itself does not provide exceptional circumstances that would impact his claim. *Kirtdoll*, 306 Kan. at 341.

*Alleyne* does not help Lee on either of these two issues, as "*Alleyne*'s prospective-only change in the law cannot provide the exceptional circumstances that would justify a successive 60-1507 motion or the manifest injustice necessary to excuse the untimeliness of a 60-1507 motion." *Kirtdoll*, 306 Kan. at 341. The district court correctly denied Lee's state constitutional claims, as they were raised in an untimely and successive motion without the necessary showing of manifest injustice or exceptional circumstances.

Affirmed.