NOT DESIGNATED FOR PUBLICATION

No. 120,189

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRETT DAMON WHEELER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; EVELYN Z. WILSON, judge. Opinion filed January 3, 2020.
Affirmed.

*Kristen B. Patty*, of Wichita, for appellant, and *Brett D. Wheeler*, appellant pro se.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for
appellee.

Before ARNOLD-BURGER, C.J., LEBEN and SCHROEDER, JJ.

PER CURIAM: Brett D. Wheeler appeals the district court's summary denial of his
K.S.A. 2018 Supp. 60-1507 motion for being successive and untimely. The motion was
based on trial counsel's failure to challenge the general verdict on his 1989 aggravated
sodomy conviction and for not recognizing that cunnilingus did not constitute criminal
sodomy at the time of his conviction. After a thorough review of the motion, files, and
records of the case, we find no error and affirm.

1

Since 1989, Wheeler has been in and out of prison based on his convictions for rape and aggravated sodomy in this case and an attempted intentional torture and abuse of a child less than 18 years old, committed while he was on parole in this case, as well as other parole violations. *Wheeler v. State*, No. 121,146, 2019 WL 4891996 (Kan. App. 2019) (unpublished opinion); *Wheeler v. Kansas Prisoner Review Bd.*, No. 113,756, 2015 WL 9302902 (Kan. App. 2015) (unpublished opinion); *Wheeler v. Kansas Prisoner Review Bd.*, No. 108,762, 2013 WL 1729276 (Kan. App. 2013) (unpublished opinion); *State v. Wheeler*, No. 91,094, 2004 WL 1784544 (Kan. App. 2004) (unpublished opinion).

This case has its beginnings in Wheeler's convictions in 1987 for the rape and aggravated criminal sodomy of J.T. and D.T. The district court imposed an indeterminate minimum sentence of 10 years and a maximum sentence of life for each of the four offenses and ordered the sentences be served concurrently. Wheeler appealed.

Wheeler raised two issues in his direct appeal, the use of an *Allen* instruction and whether he received a valid *Miranda* warning. See *Allen v. United States*, 164 U.S. 492, 17 S. Ct. 154, 41 L. Ed. 528 (1896); *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). He did not raise the sufficiency of the evidence. The Kansas Supreme Court found no error and affirmed the convictions in 1989. *State v. Wheeler*, No. 61,437, unpublished opinion filed April 14, 1989, slip op. at 7 (Kan.). The court issued the mandate in May 1989. The decision was final for all purposes.

Five years later, Wheeler filed his first K.S.A. 60-1507 motion. *Wheeler v. State*, No. 72,526, unpublished opinion filed August 18, 1995, slip op. at 3 (Kan. App.). Since that date, he has filed at least five more motions for postconviction relief—including the current one—sometimes proceeding under K.S.A. 60-1507, sometimes under K.S.A. 22-

3504 (motion to correct an illegal sentence), and once under K.S.A. 60-801 (writ of mandamus). *Wheeler v. State*, No. 111,245, 2015 WL 1947196, at *1 (Kan. App. 2015) (unpublished opinion); *Wheeler v. State*, No. 102,302, 2010 WL 1078469, at *3-4 (Kan. App. 2010) (unpublished opinion); *Wheeler v. State*, No. 94,762, 2006 WL 2043190 (Kan. App. 2006) (unpublished opinion); *Wheeler v. State*, No. 81,976, unpublished opinion filed November 12, 1999, slip op. at 5 (Kan. App.). All were denied. Several claimed ineffective assistance of counsel. We will not reiterate all the issues raised in each and will only refer to prior motions and rulings as necessary to address the claims here.

Wheeler's current motion, filed under K.S.A. 2018 Supp. 60-1507, is based on a claim of ineffective assistance of trial counsel for failure to challenge the general verdict signed on one of his 1989 aggravated sodomy convictions and for not realizing that cunnilingus did not constitute a criminal act under the statute.

The district court dismissed his motion finding that it was both successive and untimely. Wheeler appeals.

ANALYSIS

Wheeler argues the district court erroneously concluded that his K.S.A. 2018 Supp. 60-1507 motion was successive and untimely and that the court should have granted him an evidentiary hearing on the motion. In response, the State asserts that Wheeler failed to establish exceptional circumstances for the court to consider his motion and that he failed to show manifest injustice would result if the court declined to hear his otherwise untimely motion.

A. *Our standard of review is de novo.*

Because the district court summarily denied Wheeler's K.S.A. 2018 Supp. 60-1507 motion, this court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that Wheeler is not entitled to relief. See *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). Wheeler has the burden to prove that his motion warrants an evidentiary hearing. *Holmes v. State*, 292 Kan. 271, 274, 252 P.3d 573 (2011).

B. *Wheeler's motion is successive.*

A court need not entertain a second or successive motion for similar relief on behalf of the same prisoner. *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013) (citing K.S.A. 60-1507[c]). "The underlying rationale for these limitations on the availability of postconviction relief pursuant to 60-1507 is the necessity for some degree of finality in the criminal appeal process in order to prevent the endless piecemeal litigation in both the state and federal courts." *Walker v. State*, 216 Kan. 1, 4, 530 P.2d 1235 (1975). Accordingly, we are required to presume Wheeler has listed all grounds for relief in his first motion and we need not consider any later motions in the absence of a showing of circumstances "'justifying the *original* failure to list a ground.'" (Emphasis added.) *Trotter*, 296 Kan. at 904. So to prevent dismissal of a successive motion, a movant must establish exceptional circumstances. *State v. Mitchell*, 284 Kan. 374, 379, 162 P.3d 18 (2007). "Exceptional circumstances are unusual events or intervening changes in the law that prevented the defendant from raising the issue in a preceding [K.S.A.] 60-1507 motion." 284 Kan. at 379.

Wheeler argues that *Montgomery v. Louisiana*, 577 U.S. ___, 136 S. Ct. 718, 727, 193 L. Ed. 2d 599 (2016), is just such an intervening change in the law. He contends that once it was issued in January 2016, it allowed him to argue—for the first time—that *State*

*v. Moppin*, 245 Kan. 639, 644, 783 P.2d 878 (1989), must be applied retroactively to his case leading to the reversal of his conviction for one count of aggravated criminal sodomy. But to understand Wheeler's argument some background is in order.

1. *Wheeler's conviction and the effect of* Moppin

We first note that Wheeler is only challenging one of his convictions. His challenge is to his 1987 conviction for aggravated criminal sodomy with D.T. as the victim. See *Wheeler*, 2015 WL 1947196, at *2 (finding both rape convictions and the aggravated criminal sodomy conviction related to J.T. "legally unassailable").

The State charged Wheeler with aggravated criminal sodomy in violation of K.S.A. 1986 Supp. 21-3506.

> "On or about the 13th through 14th day of November 1986 in the County of Shawnee and State of Kansas, BRETT D. WHEELER did then and there unlawfully, feloniously and willfully engage in oral copulation with a person who does not consent, to wit: [D.T.] when [D.T.] was overcome by force or fear."

The complaint mirrors the language of the statute. The statute made it a crime to commit "sodomy with a person who does not consent to the sodomy." K.S.A. 1986 Supp. 21-3506(c). Sodomy was defined as "oral or anal copulation." K.S.A. 1986 Supp. 21-3501(2).

During trial D.T. testified that Wheeler forced his penis into her mouth several times to cause him to have an erection so he could consummate the rape. For the same reason, on one occasion, he performed cunnilingus on her in his haste to maintain an erection and successfully penetrate D.T. Wheeler has never disputed that oral copulation took place in the form of cunnilingus and fellatio. Wheeler admitted to engaging in

5

consensual sex with D.T. He denied having trouble maintaining an erection and denied that he used any force against D.T. during sex. Neither party mentioned the act of cunnilingus in opening or closing statements.

When the court instructed the jury, instruction number 8 referred to the aggravated sodomy charge with D.T. as the victim. The instruction stated that an element of the offense was that Wheeler had "oral sexual relations with [D.T.]." It further defined "oral sexual relations" as "any penetration, however slight, of the mouth of another by a penis, or a vagina by the mouth of another." The jury convicted Wheeler of aggravated criminal sodomy against D.T.

Six months after Wheeler's conviction was final, the Kansas Supreme Court filed its decision in *Moppin*, 245 Kan. at 644, holding that cunnilingus was not covered under the then-extant aggravated sodomy statute because the generally accepted definition of sodomy only referred to contact between the male sex organ and a mouth or anus. The court in *Moppin* did not find any part of the criminal sodomy statute unconstitutional. It simply found that because sodomy required "oral or anal copulation," and "oral and anal copulation" were defined only in relation to the male sex organ, fact patterns supporting only cunnilingus could not support a conviction for criminal sodomy. 245 Kan. at 642-43. The court noted that its finding would not result in decriminalizing nonconsensual cunnilingus, because such activity could support a conviction for indecent liberties with a child. 245 Kan. at 643.

The following year, the Kansas Supreme Court found that *Moppin* could not be applied retroactively to a case that was already final when *Moppin* was decided. *State v. Neer*, 247 Kan. 137, 143-44, 795 P.2d 362 (1990). Moreover, the court noted that in his direct appeal, Neer failed to raise the question of sufficiency of the evidence "therefore, our decision affirming the sentence imposed by the district court was res judicata to the issue actually raised and those issues that could have been raised." 247 Kan. at 143.

Because Wheeler's case was final before *Moppin* was decided, and he did not raise the sufficiency of the evidence in his direct appeal, *Neer* was dispositive and Wheeler could not receive any benefit from the *Moppin* decision.

Twenty-five years later, in 2013, Wheeler sought to correct what he termed an illegal sentence because, he asserted, he could not legally be sentenced for actions that were not criminal based on the ruling in *Moppin*. This court concluded that Wheeler had not brought a proper illegal sentence claim because a motion to correct an illegal sentence cannot be used to attack the legal propriety of the underlying conviction. See *Wheeler*, 2015 WL 1947196, at *2. The court also found that even if the motion was considered as one filed under K.S.A. 60-1507, it was untimely. 2015 WL 1947196, at *2.

Approximately 14 months after that mandate was issued, Wheeler filed the current K.S.A. 2018 Supp. 60-1507 motion. For the second time, he requested that the district court vacate the same aggravated sodomy conviction based on *Moppin* and its retroactive application. He also raises two new claims of ineffective assistance of counsel which will be discussed later.

He asserted in his motion that the *Montgomery* case, decided in January 2016, was an intervening change in the law that requires the court to apply changes in substantive rules retroactively, "'regardless of when the conviction became final.'" In other words, the *Montgomery* decision requires the court to disregard the Kansas Supreme Court decision in *Neer* and apply the *Moppin* ruling retroactively to his conviction—vacating it. Accordingly, he concludes that he has sufficiently shown the exceptional circumstances necessary to rebut any claim that his motion is barred as successive.

2. *The application of* Montgomery

So that brings us back to whether, as Wheeler claims, *Montgomery* constitutes an intervening change in law which now allows him to raise his claims based on *Moppin* that he was not able to do in previous motions because of *Neer*. We find that it does not.

We agree that the *Montgomery* decision dealt with the retroactive application of a prior United States Supreme Court decision declaring a state criminal statute unconstitutional. See 136 S. Ct. at 725 (citing *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 [2012]). The Court held that "when a new substantive rule of constitutional law controls the outcome of a case, the Constitution requires state collateral review courts to give retroactive effect to that rule." 136 S. Ct. at 729.

But nothing in *Montgomery* purports to create a categorical rule requiring retroactive application of *any* new substantive state rule during collateral review as Wheeler suggests. The *Montgomery* decision applies only to new substantive rules of federal constitutional law. See 136 S. Ct. at 729. While *Moppin* involved interpretation of the substantive state criminal law of aggravated sodomy, the Kansas Supreme Court did not rely on federal constitutional principles or statutes in reaching its decision or declare any portion of the state law unconstitutional in reaching its decision. It was a decision based solely upon state law. See *Moppin*, 245 Kan. at 643-44. There is no new substantive rule of federal constitutional law at play in this case. So even if we assume *Montgomery* established a new rule of law, its holding has no application here. The Tenth Circuit Court of Appeals agrees. See *Dodd v. McCollum*, 715 Fed. Appx. 844, 847 (10th Cir. 2017), *cert. denied* 138 S. Ct. 1327 (2018) (holding that *Montgomery* deals only with retroactive application of federal—not state—law so it had no application to Dodd's claim that a change in state substantive law should be retroactively applied).

Finally, Wheeler wholly fails to address the Supreme Court's res judicata finding in *Neer*. Like *Neer*, Wheeler did not raise the sufficiency of the evidence in his direct appeal. We see no indication that *Neer* is not good law in Kansas or that our Supreme Court has recognized it as being overruled by *Montgomery*. Unless and until it is overruled, we are required to follow its mandate. See *Majors v. Hillebrand*, 51 Kan. App. 2d 625, 629-30, 349 P.3d 1283 (2015) (Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position.). Wheeler cannot challenge his conviction based on the *Moppin* ruling because his case was final before the opinion was filed.

Because Wheeler fails to establish exceptional circumstances to bypass the statutory bar to successive claims, the district court did not err in summarily denying his motion as successive.

C. *Wheeler's motion was untimely.*

Although the successiveness of his motion is dispositive, Wheeler's motion is also untimely. He had until June 30, 2004, to request relief under K.S.A. 60-1507(a) and (f)(1). See *Hayes v. State*, 34 Kan. App. 2d 157, 162, 115 P.3d 162 (2005). A court may extend the one-year time limitation for bringing a 60-1507 action only to prevent a manifest injustice. K.S.A. 2018 Supp. 60-1507(f)(2). In examining the existence of manifest injustice,

> "the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence. As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2018 Supp. 60-1507(f)(2)(A).

## 1. *Reason for the delay*

Wheeler's K.S.A. 2018 Supp. 60-1507 motion contains two allegations of ineffective assistance of counsel, each with a separate reason given for failing to raise the claims.

First, Wheeler claims that his attorney was ineffective for not challenging the general guilty verdict consistent with the holding in *Stromberg v. California*, 283 U.S. 359, 367-68, 51 S. Ct. 532, 75 L. Ed. 1117 (1931), and its progeny. See *State v. Carr*, 300 Kan. 1, 157-59, 331 P.3d 544 (2013), *reversed on other grounds* 136 S. Ct. 633 (2016) (general verdict must be set aside if the jury was instructed that it could rely on any of two or more independent grounds, and one of those grounds is insufficient, because the verdict may have rested exclusively on the insufficient ground). Wheeler claims that he did not raise this in prior 60-1507 motions because he was unaware of the general verdict the jury signed on the aggravated sodomy conviction until the panel in his previous appeal "revealed" the issue to him in 2015. He claims he did not know how to properly structure his argument until that memorandum opinion gave him the idea. This is unavailing as a justifiable reason for delay in bringing a claim.

Wheeler was in the courtroom when the verdict forms were read at the conclusion of his trial. In addition, there was nothing that would have prevented him from seeing the verdict form during the last 30 years. *Stromberg* is not new law. The United States Supreme Court issued *Stromberg* in 1931, and it has been cited by the Kansas Supreme Court several times, at least one of which was before Wheeler's conviction here. See *State v. Garcia*, 243 Kan. 662, 670, 763 P.2d 585 (1988). Because this was not new law, Wheeler has failed to meet his burden to establish a reason for the delay that would support a finding of manifest injustice.

10

Even if we were to rule on the merits of Wheeler's claim, it fails. Wheeler neglects to recognize that instructional errors like those discussed in *Stromberg* are not structural errors and are subject to a harmless error analysis. See *Hedgpeth v. Pulido*, 555 U.S. 57, 60, 129 S. Ct. 530, 172 L. Ed. 2d 388 (2008); see also *State v. Shaw*, 47 Kan. App. 2d 994, 1011-12, 281 P.3d 576 (2012) (Malone, J., concurring). Here, there was no dispute that the sexual activities described by D.T. took place. The sole issue was whether they were consensual. The jury believed they were not consensual. Given the evidence, a court could easily conclude beyond a reasonable doubt that the inclusion of cunnilingus in the instruction was harmless. Accordingly, Wheeler would not be able to establish that he was prejudiced by his attorney's failure to challenge the general verdict form.

Second, Wheeler claims that it is only because of intervening changes in the law that he can bring his *Moppin* claim more than 25 years after his conviction. He claims this justifies the delay. But Wheeler's underlying claim is that his attorney was ineffective for not making similar arguments to those subsequently made in *Moppin*. Neither his trial attorney nor his appellate attorney could have argued the application of *Moppin* at the time because it had not yet been decided. This would not have been a request for retroactive application of *Moppin*, but a claim of ineffective assistance of counsel for not recognizing the issue that the attorneys for *Moppin* clearly understood. Such a claim would have been evident to Wheeler as soon as *Moppin* was released in 1989. Yet Wheeler provides no reason he could not have included an ineffective assistance of counsel claim based on the arguments made in *Moppin* in his prior motions. This is at least Wheeler's fourth postconviction motion based on ineffective assistance of counsel.

By failing to show why he could not have raised either of these claims in his prior 60-1507 motions, Wheeler is participating in the kind of piecemeal appeals that K.S.A. 2018 Supp. 60-1507 was meant to limit.

11

2. *Colorable claim of actual innocence*

A colorable claim of actual innocence sufficient to allow Wheeler's claims to proceed even though untimely, requires Wheeler to show it is more likely than not that no reasonable juror would have convicted him "in light of new evidence." K.S.A. 2018 Supp. 60-1507(f)(2)(A); *Beauclair v. State*, 308 Kan. 284, 294, 419 P.3d 1180 (2018).

At the outset, Wheeler's claim of actual innocence must fail. While Wheeler cites K.S.A. 2018 Supp. 60-1507(f)(2)(A) as the correct legal standard, he does not claim in his motion or in either appellate brief that he is actually innocent or that "it is more likely than not that no reasonable juror would have convicted [him] in light of new evidence." K.S.A. 2018 Supp. 60-1507(f)(2)(A).

Second, not only does Wheeler fail to assert this essential proposition, he does not identify any new evidence or explain how this evidence would make it more likely than not that no reasonable juror would have convicted him of aggravated sodomy of D.T. As recognized by the panel in his previous appeal, the trial record shows that D.T. testified Wheeler forced her to participate in sexual intercourse, fellatio, and cunnilingus with him. *Wheeler*, 2015 WL 1947196, at *2. Our independent review of the evidence convinces us that the evidence of Wheeler's guilt was overwhelming. Wheeler's failure to allege any factual basis to support reversing his conviction based on his actual innocence of aggravated sodomy of D.T. is fatal to his claim.

For these reasons, the district court did not err in summarily denying Wheeler's K.S.A. 2018 Supp. 60-1507 motion without conducting an evidentiary hearing. His motion was untimely, and he has failed to establish manifest injustice necessary to bypass the statutory time restrictions.

D. *Conclusion*

In sum, because the claims in Wheeler's current motion are successive and his motion is untimely, the district court properly denied his motion. Wheeler does not meet his burden to establish an evidentiary basis to support his claims, nor is an evidentiary basis evident from the appellate record.

Affirmed.