NOT DESIGNATED FOR PUBLICATION

No. 127,599

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RaShawn Tremeil Anderson,
*Appellant*,

v.

State of Kansas,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; Cheryl A. Rios, judge. Submitted without oral argument. Opinion filed October 3, 2025. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Jodi Litfin*, deputy district attorney, *Michael F. Kagay*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before Bruns, P.J., Schroeder and Isherwood, JJ.

Per Curiam: RaShawn Tremeil Anderson appeals the district court's decision to summarily deny his third K.S.A. 60-1507 motion as both untimely and successive. In August of 2008, he pled no contest to one count of first-degree murder and was sentenced to prison. In this motion, Anderson asserts that several of the State's witnesses perjured themselves or recanted their testimony. Yet because Anderson has not shown manifest injustice or exceptional circumstances that support his untimely and successive motion, we affirm the district court's decision.

1

FACTS

The parties are familiar with the underlying facts and we will only briefly summarize them here. It is undisputed that Anderson pled no contest to first-degree murder on August 15, 2008. Prior to sentencing, he moved to withdraw his plea. The district court subsequently denied Anderson's motion and sentenced him to life without parole for a hard 25 sentence to run concurrent with an unrelated case. Moreover, the district court awarded Anderson 333 days of credit for time spent in the Shawnee County Jail. Although Anderson appealed the district court's denial of his motion to withdraw his plea, the Kansas Supreme Court later affirmed the district court's decision. *State v. Anderson*, 291 Kan. 849, 249 P.3d 425 (2011).

On March 22, 2012, Anderson filed his first K.S.A. 60-1507 motion alleging ineffective assistance of counsel. The district court summarily denied the motion and this court affirmed that result in *Anderson v. State*, No. 113,407, 2016 WL 2942297 (Kan. App. 2016) (unpublished opinion). Here, the panel held that Anderson's claims were identical to his previous motion to withdraw his plea. 2016 WL 2942297, at *6.

Over seven years later, Anderson filed his second K.S.A. 60-1507 motion challenging the validity of his indictment by a grand jury. The district court also summarily denied this motion for being untimely and failing to demonstrate manifest injustice. And though Anderson filed a notice of appeal, he never docketed that appeal with this court.

On February 7, 2022, Anderson filed his third K.S.A. 60-1507 motion—which is the subject of this appeal. In a comprehensive seven-page written memorandum decision and order, the district court summarily denied the motion since it was both untimely and successive. In reaching this conclusion, the district court explained:

"Anderson's motion is also procedurally barred because it is successive. The court 'shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.' K.S.A. 60-1507(c). While Anderson may not have raised every argument contained in his present motion in his prior appeal or previous K.S.A. 60-1507 motions, a movant 'is presumed to have listed all ground[s] for relief and a subsequent motion need not be considered in the absence of [a showing of] circumstances justifying the original failure to list a ground.' *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013) [(]quoting *Walker v. State*, 216 Kan. 1, Syl. ¶ 2, 530 P.2d 1235 [1975][)]. Here, Anderson has had the benefit of filing both a direct appeal and two motions under K.S.A. 60-1507. The instant motion is his third filed under K.S.A. 60-1507.

"A court may only consider a successive K.S.A. 60-1507 motion when the movant establishes exceptional circumstances. *Beauclair*, 308 Kan. at 304. 'Exceptional circumstances are unusual events or intervening changes in the law that prevented the defendant [from] raising the issue in a preceding [K.S.A.] 60-1507 motion.' *Beauclair*, 308 Kan. at 304, [(]quoting *State v. Mitchell*, 284 Kan. 374, Syl. ¶ 5, 162 P.3d 18 [2007][)]. The presentation of a colorable claim, alone, is 'not the determinative factor on whether a successive motion gets an evidentiary hearing on the merits.' *Littlejohn v. State*, 310 Kan. 439, 445-46, 447 P.3d 375 (2019).

"Anderson argues newly discovered evidence (his trial counsel's later disbarment) entitles him to relief under this otherwise untimely and successive motion. This argument has already been rejected by the Court of Appeals. *Anderson*, 2016 WL 2942297[,] at *11-12.

"Anderson also maintains perjured testimony supports a colorable claim of innocence. He relies on three pieces of evidence. First, Anderson offers a court filing from 2007 in case number 2006-CR-1487, which involved charges against his co-defendant Jamil Fulton. Second, Anderson offers an alleged statement from Ian Dominique Hudson dated from 2008 claiming Hudson gave a false statement to police that Mr. Anderson was involved in the murder underlying Mr. Anderson's conviction. Third, Anderson offers an affidavit from Alonzo Lax from 2009 also claiming he lied to police about Mr. Anderson's involvement in the murder.

"In Mr. Fulton's (co-defendant to Anderson) Motion for New Trial in 2006-CR-1487, dated July 18, 2007, he maintained witnesses, including Hudson and Lax, perjured their testimony on behalf of the State. Both Hudson and Lax testified at the evidentiary hearing on Fulton's Motion for New Trial. The court noted that Hudson 'clearly ha[d] mixed feelings about testifying against Fulton' but that he did not recant his trial testimony. Lax, however, did testify that he lied at trial. However, the court found his trial testimony to be more credible. The court denied Mr. Fulton's motion and he appealed. On review, the Kansas Supreme Court found the jury was presented with the same allegations of perjury or fabrication:

"'Fulton presented testimony that Hudson and Lax were committing perjury in order to receive favorable plea deals. Robert Green testified that Lax was going to testify that Fulton committed the crime even though Lax "didn't know for sure" who committed the crime. Green further testified that Lax told him he was not present at the shooting and his testimony would be what "he'd hear from other people that Jamil did." Further, Green testified that Hudson and Lax were together in the Shawnee County jail and spoke with each other to "make stories together that match."' *State v. Fulton*, 292 Kan. 642, 646, 256 P.3d 838 (2011).

Despite such evidence, the jury found enough evidence upon which to convict Fulton. The Court held that the trial court, through a 'thorough and well-delivered opinion,' appropriately weighed the evidence, affirming the denial.

"The 2007 Motion for New Trial in Fulton's case, 2008 alleged statement from Ian Hudson, and 2009 affidavit from Alonzo Lax do not constitute newly discovered evidence. Anderson filed his direct appeal in 2009 and his first K.S.A. 60-1507 motion in 2012. They also do not support a colorable claim of innocence. Under K.S.A. 60-1507(f), 'actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence.' At most, the credibility of Hudson and Lax is potentially undermined. Their statements do not tend to illustrate Anderson's innocence. See *Fulton v. State*, No. 114,110, 2017 WL 3002206, at *15 (Kan. Ct. App. 2017) (unpublished) (same as to Fulton).

"The Court has carefully reviewed the motions, files, and record, and has not found evidence of manifest injustice or exceptional circumstances. As a result, the Court cannot address the merits of Anderson's arguments and must dismiss his motion. K.S.A. 60-1507(c) & (f)(3); *Love v. State*, No. 123,298, 2021 WL 3234387, at *3 (Kan. Ct. App. 2021) (unpublished) (finding the panel could not reach the merits of Love's allegations because his motion was untimely)."

Thereafter, Anderson filed a timely notice of appeal.

ANALYSIS

The sole issue presented on appeal is whether the district court erred in summarily denying Anderson's third K.S.A. 60-1507 motion. Although Anderson concedes that his motion was untimely, he argues that manifest injustice entitles him to an evidentiary hearing. He also argues that exceptional circumstances apply, allowing him to assert claims that were previously raised or could have been raised. In response, the State argues that Anderson does not establish either manifest injustice or exceptional circumstances to justify his untimely and successive motion.

Because the district court summarily denied Anderson's motion, our review is de novo. *Stewart v. State,* 310 Kan. 39, 52, 444 P.3d 955 (2019). K.S.A. 60-1507(b) provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." But absent exceptional circumstances, a district court "shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." K.S.A. 60-1507(c); *State v. Brown*, 318 Kan. 446, 448, 543 P.3d 1149 (2024). See Supreme Court Rule 183(d) (2025 Kan. S. Ct. R. 237). Likewise, a district court is not required to entertain an untimely K.S.A. 60-1507 motion. K.S.A. 60-1507(f)(1). An

untimely motion may only be considered to prevent manifest injustice. K.S.A. 60-1507(f)(2).

To warrant an evidentiary hearing, the movant "must make more than conclusory contentions and must state an evidentiary basis in support of the claims or an evidentiary basis must appear in the record." *Noyce v. State*, 310 Kan. 394, 398, 447 P.3d 355 (2019). Furthermore, if a prisoner files multiple K.S.A. 60-1507 motions, a movant is presumed to have listed all grounds for relief in their first motion. *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013). Accordingly, we presume that Anderson previously listed all of his grounds for relief in the first of his three filed K.S.A. 60-1507 motions. See 296 Kan. at 904.

In determining whether manifest injustice justifies the untimely filing of a K.S.A. 60-1507 motion, our "inquiry shall be limited to determining why the prisoner failed to [timely] file the motion. . . ." K.S.A. 2024 Supp. 60-1507(f)(2)(A). To establish manifest injustice, the movant must show that the failure to consider the untimely motion is "'obviously unfair'" or "'shocking to the conscience.'" *State v. Roberts*, 310 Kan. 5, 13, 444 P.3d 982 (2019) (quoting *Vontress v. State*, 299 Kan. 607, 614, 325 P.3d 1114 [2014]). In doing so, courts may look to a variety of nonexhaustive factors such as whether "(1) the movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the 1-year time limitation; [and] (2) the merits of the movant's claim raise substantial issues of law or fact deserving of the district court's consideration[.]" *Roberts*, 310 Kan. at 13. Still, courts analyze "the totality of the circumstances rather than balancing factors against each other, need not give the factors equal weight, and should not consider any single factor dispositive." 310 Kan. at 13 (quoting *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 [2018]).

Movants may also show manifest injustice by making a colorful claim of actual innocence. K.S.A. 2024 Supp. 60-1507(f)(2)(A). But this requires "the prisoner to show it

6

is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2024 Supp. 60-1507(f)(2)(A). Namely, the movant must provide new evidence rather than making conclusory allegations. *Beauclair v. State*, 308 Kan. 284, 299-302, 419 P.3d 1180 (2018). Otherwise, the practical result allows for the "evisceration of the one-year time limit" simply by claiming actual innocence. 308 Kan. at 302.

Anderson asserts that he was "duped by [his attorney] into paying for a trial, [after receiving] a . . . terrible plea agreement for a crime he did not commit." But this assertion fails to sufficiently show actual innocence under K.S.A. 2021 Supp. 60-1507(f)(2)(A). Anderson's main argument is that two witnesses later recanted their testimony. Yet Anderson does not even state who these witnesses are, and he relies on a conclusory argument without either citing the record on appeal or coming forward with new evidence. See *Noyce*, 310 Kan. at 398.

Still, the alleged recantations do not count as "new evidence" since this issue was previously presented by Anderson—in both his initial appeal and his previous K.S.A. 60-1507 motions. And Anderson has not shown how the alleged recantations make it more probable than not that a reasonable juror would have acquitted him. Consequently, Anderson fails to provide any evidentiary basis for his claims of actual innocence. See *Beauclair*, 308 Kan. at 302.

Although the district court could have summarily denied Anderson's third K.S.A. 60-1507 motion purely on the ground of untimeliness, it also found that his motion was successive. As discussed above, a district court is not to consider a successive K.S.A. 60-1507 motion unless there are "exceptional circumstances" to rationalize doing so. Exceptional circumstances include "'unusual events or intervening changes in the law.'" *Brown*, 318 Kan. at 448 (quoting *Rowland v. State*, 289 Kan. 1076, Syl. ¶ 6, 219 P.3d

7

1212 [2009]). And the motion cannot raise a claim that was presented or could have been presented in a direct appeal or in prior motions. 318 Kan. at 448-49.

Furthermore, the Kansas Supreme Court has suggested that a colorable claim of actual innocence may be sufficient to establish exceptional circumstances in very rare cases. *Beauclair*, 308 at 304. But for the reasons addressed above, we find that Anderson has not asserted a colorable claim of actual innocence. Again, as emphasized by the district court, Anderson has already raised these arguments in two previous filings. See *Brown*, 318 Kan. at 448-49.

In summary, we find that the district court did not err in summarily denying Anderson's third K.S.A. 60-1507 motion since it was both untimely and successive. And based on our de novo review of the motion as well as the files and records in this case, we find that Anderson is not entitled to any relief. Accordingly, we affirm the district court.

Affirmed.